## LAWLESS ET AL. *v.* JOHNSON ET AL.

[No. 28,886. Filed April 15, 1953.]

*William C. Erbecker,* of Indianapolis, for appellants.

*Kivett & Kivett,* of Indianapolis, for appellees.

EMMERT, C. J.—This is an appeal from an interlocutory order refusing to grant a temporary injunction.

The Code makes no provision for the filing of a motion for new trial before an appeal, and no error is presented by the assignment that the court erred in overruling appellants' motion for a new trial. The assignment that the court erred in refusing to grant the temporary injunction is sufficient to present for our consideration any error the court may have committed in refusing to grant the temporary injunction.

The verified complaint alleged that on November 8, 1951, Verl Johnson and Martha Johnson, hereafter re-

ferred to as the appellees, filed an action against the appellants for the possession of real estate and to cancel a contract for the conditional sale of the real estate; that on the 10th day of December, appellees "filed" "an order to seize said real estate" which order was served on appellants. The complaint further averred appellants were not in default under the terms of the contract, but that the Sheriff prevented their staying in possession as provided by §3-1306, Burns' 1946 Replacement, by refusing to approve the Capitol Indemnity Company of Indianapolis as surety, and that appellants had no adequate remedy at law. Upon this complaint, the trial court issued a restraining order enjoining appellants and the Sheriff of Marion County from evicting appellees until further order, and set the time for a hearing on a temporary injunction.

At the hearing on the temporary injunction the evidence consisted of the testimony of witnesses, and the verified complaint was not put in evidence. Appellants make no contention that the appellees did not comply with the provisions of Chapter 254 of the 1927 Acts for obtaining the order to the Sheriff to seize the real estate (§3-1304 and §3-1305, Burns' 1946 Replacement), but they assert that the statement by a Deputy Sheriff over the telephone that the Capitol Indemnity Company would not be approved as surety relieved them of the duty of making a tender or filing the undertaking provided by §3-1306, Burns' 1946 Replacement.[1]

---

1. "If the defendant, or some person in his behalf, within five [5] days after the service or posting of such notice, shall execute a written undertaking payable to the plaintiff, with sufficient surety to be approved by the sheriff, to the effect that the defendant will safely keep and preserve said property, that the same will not be in any way injured or damaged, that he will deliver the same to the plaintiff, if judgment shall be rendered to that effect, and that he will pay to the plaintiff all such sums of money as he may recover in the action, then the sheriff shall not seize the possession of said property, but the defendant shall

It would not aid in the consideration of this case to detail the substance of all the testimony of the witnesses, but it is sufficient to note that there was no evidence that the appellants tendered for filing or filed a written undertaking with the Sheriff. This practice under the act was recognized as proper in *Standard Accident Ins. Co.* v. *Ayres* (1940), 217 Ind. 442, 426, 28 N. E. 2d 50.

"A paper is filed when it is delivered to the proper officer, and by him received to be kept on file." *Powers* v. *State* (1882), 87 Ind. 144, 148. See also *Engleman* v. *State* (1850), 2 Ind. 91, 92; *Oats* v. *State* (1899), 153 Ind. 436, 438, 55 N. E. 226.[2] The word "execute" in §3-1306, Burns' 1946 Replacement, requires delivery, and the delivery must be of a "written undertaking payable to the plaintiff." Until the appellants complied with the requirements of the statute they were not in a position to assert they had no adequate remedy without an injunction. If they had an equitable defense to the action for possession, it was available in the action for possession. Section 2-1015, Burns' 1946 Replacement. See *State ex rel. Allison* v. *Brennan* (1951), 229 Ind. 281, 285, 97 N. E. 2d 925.

If the Sheriff had attempted to refuse to accept delivery of the written undertaking, or had arbitrarily refused to approve the surety on the undertaking, a

be allowed to retain possession thereof pending the final judgment of the court . . . ." Section 3-1306, Burns' 1946 Replacement. The remainder of the statute provides that if the defendant does not execute the undertaking the plaintiff shall be placed in immediate possession upon giving his written undertaking payable to defendant with sufficient surety to be approved by the sheriff; but if plaintiff failed to give the undertaking as required, the defendant shall be allowed to remain in possession, without bond, pending the final judgment of the court.

2. "The filing of a paper, as between the party and the officer, is the delivery of it to the officer, at his office, to be by him kept as a paper on file." *Johnson* v. *Crawfordsville Railroad Co.* (1858), 11 Ind. 280, 284.

different question would be presented, but until the Sheriff so acts, we are not at liberty to speculate on what he might have done had the appellants complied with the procedure prescribed for them to follow by §3-1306, Burns' 1946 Replacement.

The interlocutory order refusing to grant a temporary injunction is affirmed.

NOTE.—Reported in 111 N. E. 2d 656.