## RAAB *v.* INDIANA STATE BOARD OF TAX COMMISSIONERS

[No. 767A37. Filed July 25, 1968. No Petition for Rehearing filed.]

*Orval W. Anderson,* of Gary, for appellant.

*John J. Dillon,* Attorney General, *Lloyd C. Hutchinson* and *James B. Droege,* Deputies Attorney General, for appellee.

CARSON, C. J.—This is a statutory action instituted by plaintiff-appellant under the provisions of Acts of 1963, ch. 231, § 1, p. 317; being Burns' Anno. Stat., § 64-1004. Plaintiff-appellant filed his complaint in the Lake Circuit Court against the defendant-appellee, Indiana State Board of Tax Commissioners, praying for an appeal from the assessment of real estate located in Lake County, Indiana. A summons was issued and a copy was served upon the Attorney General, as required by Section 64-1004, *supra.*

Defendant-appellee, filed its special appearance for the purpose of contesting jurisdiction of the court and thereafter filed its verified motion to dismiss on the grounds that plaintiff-appellant did not file a written notice of appeal with defendant-appellee, State Board of Tax Commissioners,

within thirty (30) days after notice of its determination, as required by Section 64-1004, *supra*. The court sustained defendant-appellee's motion to dismiss and entered judgment dismissing plaintiff-appellant's cause of action with costs taxed to plaintiff.

Appellant appeals from that judgment solely on the ground that the court erred in sustaining appellee's motion to dismiss. We find no error in the court's determination. The legislature has enacted, in Section 64-1004, the sole procedure to be followed in perfecting an appeal from a determination of the State Board of Tax Commissionrs. The pertinent portion of Section 64-1004, *supra*, reads as follows:

> "Any person shall have the right to appeal from the final determination of the state board of tax commissioners regarding the assessment on his property to the circuit or superior court of the county in which said property is being assessed. Appeals may be consolidated, at the request of the appellants, in order to save the expenses thereof, when it can be done in the interest of justice. *At any time within thirty [30] days after the board gives notice of its determination, an appeal may be taken by filing a written notice with the board asking for such appeal and designating the court to which such appeal is being taken, together with the filing of a complaint in said court a copy of which shall be served upon the attorney general as provided by the Acts of 1945, chapter 3, section 1 [§ 49-1937] as amended; no such appeal shall be deemed to have been commenced unless the service of such complaint upon the attorney general, as therein provided, is made within thirty [30] days after the board gives notice of its determination as provided herein.*" (Our emphasis.)

As the legislature has specifically spelled out the procedure to be followed in perfecting this type of appeal, noncompliance with the above provisions, rendered the Lake Circuit Court without jurisdiction. *Ballman v. Duffecy* (1952), 230 Ind. 220, 102 N. E. 2d 646; *Martin v. Indianapolis Water Co.* (1959), 130 Ind. App. 416, 162 N. E. 2d 709. Although we feel appellant's prayer is not lacking in merit, for us to hold otherwise, would be to legislate by judicial fiat.

We, therefore, conclude that defendant-appellee's motion to dismiss was properly sustained and the judgment entered is hereby affirmed.

Judgment affirmed.

Cooper, J., Faulconer, J., and Prime, J., concur.

NOTE.—Reported in 238 N. E. 2d 697.