THE WEATHERHEAD CO. *v.* STATE BOARD OF TAX COMMISSIONERS.

[No. 771A137. Filed April 20, 1972. Rehearing denied May 30, 1972. Transfer denied February 26, 1973.]

*Paul S. Steigmeyer, Mentor Kraus, N. Thomas Horton, II, Barrett, Barrett & McNagny,* of counsel, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Donald P. Bogard,* Deputy Attorney General, for appellee.

HOFFMAN, C.J.—The primary issue presented by this appeal is whether, under the language of IC 1971, 6-1-31-4, Ind. Ann. Stat. § 64-1004 (Burns 1971 Supp.), a written notice of appeal is filed with the State Board of Tax Commissioners on the date that it is deposited in the United States Mail, or whether such notice is filed when it is actually received by the Board. The pertinent portion of § 64-1004, *supra,* provides:

> "At any time within thirty (30) days after the board gives notice of its determination, *an appeal may be taken by filing a written notice with the board* asking for such appeal and designating the court to which such appeal is being taken, together with the filing of a complaint in said court, a copy of which shall be served upon the attorney general * * *." (Emphasis supplied.)

The relevant facts are here set forth in chronological order:

On March 16, 1965, the State Board of Tax Commissioners of the State of Indiana (Board) made a final determination upholding an increased tax assessment of the personal property of appellant-The Weatherhead Company (Weatherhead) which appellant contends is contrary to law. On the same day the Board deposited its notice of said final determination in the United States mail.

On March 18, 1965, Weatherhead received the notice of the Board's final determination.

On April 15, 1965, Weatherhead filed its complaint appealing the final determination of the Board to the Kosciusko Circuit Court, and a summons with an attached copy of the complaint was delivered to the Sheriff of Kosciusko County. On the same date Weatherhead sent a copy of the complaint with a notice of appeal to the State Board of Tax Commissioners and to the Attorney General of Indiana by registered mail, return receipt requested.

On April 19, 1965, the Board and the Attorney General of Indiana received the copies of the complaint and notice of appeal. On April 27, 1971, the trial court entered its judgment sustaining the motion of the Board to dismiss the complaint for lack of jurisdiction of the subject-matter.

Weatherhead timely filed its motion to correct errors which was overruled by the trial court, and this appeal followed.

On appeal Weatherhead first contends that the requirement of § 64-1004, *supra*, pertaining to the service of a copy of the complaint upon the Attorney General has been satisfied. While it is not a disputed issue in this case, such contention of appellant is correct under the provision of IC 1971, 4-6-4-2, Ind. Ann. Stat. § 49-1938 (Burns 1964).

The next contention argued by Weatherhead is that the requirements of § 64-1004, *supra*, pertaining to a notice of appeal filed with the Board have been satisfied. Weatherhead argues that "[a]n appeal may be commenced under Burns 64-1004 even though notice is not given to the Board within thirty (30) days."

In reference to this contention, § 64-1004, *supra*, is quite clear that the Legislature intended that an appeal from a final determination of the State Board of Tax Commissioners be commenced as follows:

"At any time within thirty (30) days after the board gives notice of its determination, an appeal may be taken by

filing a written notice with the board asking for such appeal and designating the court to which such appeal is being taken, * * *."

This portion of the statute plainly requires that a notice of appeal be filed with the Board within thirty days after the Board gives notice of its determination. Noncompliance with these provisions by not filing the prescribed notice has been held to defeat jurisdiction of the trial court to hear such appeal. *Raab* v. *Ind. St. Bd. of Tax Comm.* (1968), 143 Ind. App. 139, 238 N. E. 2d 697. Furthermore, a reading of § 64-1004, *supra*, clearly indicates that the 30-day limitation period was intended to be more than directory. Notice must be filed within the 30-day period if the jurisdiction of the trial court is to be invoked.

If, then, notice is required to be filed within thirty days, the next question is whether Weatherhead's notice of appeal was "filed" when it was deposited in the mail on the thirtieth day.

In *Lawless et al.* v. *Johnson et al.* (1953), 232 Ind. 64, at 67, 111 N. E. 2d 656, at 658, it was stated that, " '[a] paper is filed when it is delivered to the proper officer, and by him received to be kept on file.' *Powers* v. *State* (1882), 87 Ind. 144, 148." See also: *Walner* v. *Capron* (1946), 224 Ind. 267, 274, 66 N. E. 2d 64; *Thompson* v. *State* (1921), 190 Ind. 363, 367, 130 N. E. 412.

Similarly, there is a great unanimity of authority from other jurisdictions in agreement with the above definition of the word "filed." In *Wirtz* v. *Local Union 169, International Hod Carriers, etc.* (D. Nev. 1965), 246 F. Supp. 741 at 750, the court stated:

" 'The use of the word "file" or "filing" in a legal sense is almost universally held to mean the delivery of the paper or document in question to the proper officer and its receipt by him to be kept on file.' *Creasy* v. *United States*, 4 F. Supp. 175; *Weaver* v. *United States* (4 CCA 1934), 72 F. 2d 20. A document is not filed when

it is deposited in the mails and the risk of loss or delay in transit is on the sender." See also: *State* v. *Empire Building Company* (1971), 46 Ala. App. 565, 246 So. 2d 454; *Blades* v. *United States* (9 Cir. 1969), 407 F. 2d 1397; *Mears* v. *Mears* (1965), 206 Va. 444, 143 S. E. 2d 889. 16A Words and Phrases, *File*, at 102-141; 36A C.J.S., *File*, at 397.

*State* v. *Empire Building Company, supra,* is directly in point with the instant case. In that case the statute in question provided that,

" 'If any taxpayer * * * is dissatisfied with the final assessment as fixed * * * he may appeal * * *, by filing notice of appeal with the secretary of the department of revenue and with the register of the circuit court * * * within thirty days from the date of said final assessment * * * and in addition thereto by giving bond * * * to be filed with and approved by the register of the court * * *.' " (*Ibid* at 456.)

Under this statute, a taxpayer's notice of appeal was deposited in the mail addressed to the secretary of the department of revenue on the 30th day but it was not delivered until the 33rd day. The court, under these circumstances, stated:

"We do not think that Title 7, Section 349 (1-5) has any application to the requirements of Title 51, Section 140. Title 7, Section 349 (1-5) was enacted in 1965 for the purpose of allowing service by mail, upon parties to a suit already begun, of pleadings and papers filed in the court. The purpose of the statute was to insure notice and remove necessity of personal service by an officer of the court. It provided a substitute method of accomplishing personal service of all pleadings except those seeking new or additional relief and the original complaint by which the jurisdiction of the court was invoked. It further relaxes previous requirements by allowing service upon attorneys of record.

"The jurisdiction of a court must be invoked in the manner and within the time required by statute. Title 7, Section 349, (1-5) in no way pertains to means of invoking original jurisdiction.

"The right of appeal from a final assessment of the revenue department of the state is purely statutory and must be exercised in the manner and within the time prescribed therein. Ex parte State ex rel. Attorney General, 252 Ala. 149, 39 So. 2d 669; State v. Golden, 283 Ala. 706, 220 So. 2d 893." (*Ibid* at 456.)

There appears, however, an exception to this definition of the word "filed" as illustrated by the case of *State* v. *Peck* (1952), 158 Ohio St. 122, 107 N. E. 2d 145. In *Peck* the applicable statute stated, in pertinent part:

"Unless the vendor or consumer, to whom said notice of assessment is directed, shall, within thirty days after service thereof, either personally or by registered mail, file a petition in writing, * * * setting forth with definiteness and particularity the items of said assessment objected to, together with the reason for such objections, said assessment shall become and be deemed conclusive * * *." (*Ibid* at 146.)

When faced with the allegation that the notice in question was not "filed" until actual receipt by the tax commissioners, the court distinguished between the ordinary usage of the word "filed" and the usage as intended by the above statute, as follows:

"It would seem manifest that something other than the physical lodging of the petition in the office of the respondent was contemplated when the use of registered mail was authorized. If the physical lodging of the petition was all that was being given consideration, the statute could have provided simply that the petition should be filed within 30 days. It would have been unnecessary to say more. The petition could have been delivered to the respondent's office by the petitioner personally or by messenger or by registered mail or by ordinary mail. The legislators would not have been interested in any particular method of delivering it. The only circumstance of importance would have been that the petition be in the hands of the respondent within the 30 days. The legislators, however, did not frame the provisions so simply. They inserted what we consider to be a provision for the benefit of the petitioner giving him an option of two methods of delivering the petition to the respondent." (*Ibid* at 147.)

For other cases where the definition of "filed" has been expanded by statutory provision, see: *Burroughs* v. *Lyles* (1944), 142 Tex. 704, 181 S. W. 2d 570; *Laffey* v. *Philadelphia & Reading Iron & Coal Co.* (1937), 125 Pa. Super. 9, 189 A. 509.

The only logical conclusion to be drawn from these authorities is that absent contrary statutory provision the word "filed" simply means delivery of the document to the proper officer and receipt of it by him.

In the instant case, the language of the statute is clear and unambiguous—"an appeal may be taken by *filing* a written notice with the board * * *." (§ 64-1004, *supra.*) (Emphasis supplied.) This court cannot sit as a superlegislature to rewrite the statute when the plain intendment of the Legislature is obvious. The statute permits service of the final determination of the Board by mail and permits service of the complaint on the Attorney General by registered mail, return receipt requested. The statute expressly requires that the notice of an appeal must be *filed* with the Board within thirty days. The language of the statute cannot be stretched to reach a contrary result.

Appellant seeks to substantiate its contention by application of the Indiana Rules of Civil Procedure. Rule TR. 84, Ind. Rules of Procedure, which expressly makes the rules inapplicable, reads as follows:

"These rules will take effect on January 1, 1970. They govern all proceedings in actions brought after they take effect and *also all further proceedings in actions then pending,* except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies." (Emphasis supplied.)

Subsections (C) and (D) of Rule AP. 12, Ind. Rules of Procedure, are likewise inapplicable because they are ex-

pressly limited to "papers * * * filed in a court of appeal * * *." (Rule AP. 12(A)). Had the Legislature intended to provide for filing with the Board by mail under § 64-1004, *supra,* it could have done so when the statute was amended in 1963. In the absence of such legislative intent, the clear language of the statute should be followed.

Weatherhead next contends that the above construction of § 64-1004, *supra,* is a violation of the constitutional guarantees of due process and equal protection because the Board is permitted to serve notice of its final determination by mail while the taxpayer must file his notice of appeal with the Board. Weatherhead claims that this is an unreasonable and arbitrary classification.

This contention is untenable because § 64-1004, *supra,* creates no unreasonable classifications. Anyone wishing to appeal from the final determination of the Board is subject to the same statutory requirements. No unreasonableness is shown by the fact that the Board may give notice of its determination by mail. *Blades* v. *United States* (1969), 407 F. 2d 1397, *supra.* Two different purposes are being accomplished. The Board is only informing the taxpayer of its determination, while the taxpayer must file notice of appeal in order to commence his action. No unreasonableness or arbitrariness is shown by permitting mailing in one circumstance while requiring receipt in the other.

Weatherhead next contends that § 64-1004, *supra,* does not apply to a tax that is void from its inception, and that he has sought his remedy outside the statute.

There is some authority showing that equity may enjoin the collection of an illegal tax *under appropriate circumstances. Scott, County Treasurer, etc.* v. *Abke* (1960), 130 Ind. App. 199, 163 N. E. 2d 257. The record in the instant case, however, shows that appellant was not seeking injunctive relief, but rather was seeking remedy

under § 64-1004, *supra*. This statute provides the taxpayer a right to appeal a decision of the Board and provides the means therefor. Where the Legislature has not provided the method of appeal, the right must nevertheless exist. *State Board of Tax Comm.* v. *Indianapolis Lodge* (1964), 245 Ind. 614, 200 N. E. 2d 221. However, where the statute prescribes the procedure for review such procedure must be complied with. *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 229, 102 N. E. 2d 646.

Weatherhead's final contention is that § 64-1004, *supra,* should be struck down as being unconstitutionally vague. This court, however, can find no ambiguity in the language of § 64-1004, *supra*. It clearly sets forth how an appeal from a final determination of the Board is to be perfected. Furthermore, the last sentence of § 64-1004, *supra,* states unequivocally that the taxpayer has a right to appeal the final determination of the State Board of Tax Commissioners. The word "ask" as contained in the statute does not import that the Board has a discretionary power in granting an appeal. "Ask" in its usual and ordinary sense means to request, invite or obtain by words. No ambiguity is created thereby.

The judgment of the trial court is affirmed.

Staton, J., concurs; Sharp, J., concurs with opinion.

CONCURRING OPINION

SHARP, J.—I very reluctantly concur in the majority opinion. I do so only because of a deep-seated belief in so-called judicial restraint. As most law school students of my generation I was taught to worship at the altars of the First Harlan, Holmes, Brandies, Frankfurter, Stone, et al. Their collective message, oversimplified, placed limitations on judicial power and tended to maximize legislative power in many areas. Absent certain constitutional limitations the legislatures should be given a wide scope to experiment and, indeed,

to make mistakes. The legislatures are, or should be, the primary source of public policy. Of course, the courts have long engaged in making of a certain type of public policy by their participation in common law evolution.

In my own mind the judiciary should look at statutes to determine legislative intent with the above premises in mind. Hornbook rules on statutory construction are often of no real avail in this process. These concepts of judicial restraint have particular application in cases dealing with statutory created rights and remedies where there is no constitutional question presented. I agree that the constitutional questions raised here are without merit. (In this regard I would also emphasize that the part of this statute requiring the permission of the State Board to bring an action is not here under constitutional scrutiny.)

As this statute is written there is a strong anti-taxpayer bias in it. This bias inheres in the statutory scheme itself. The notice to the taxpayer may be mailed and the time runs against the taxpayer *from the time of posting*. In oral argument the Attorney General admitted that the notice to the State Board of Tax Commissioners could be filed by mail but insisted that it must be actually *received* by said Board by the end of the *thirtieth* day. We know judicially that it frequently takes two or three days for ordinary mail to reach various points in this state when posted in Indianapolis and vice versa. In reality the statute has placed the taxpayer in a very narrow time frame. The taxpayer may lose two or three days during the initial mailing by the Board and then be obligated to mail the notice to the Board several days early so that it will be actually received by the Board on or before the thirtieth day. In this matter no account is taken for Saturdays, Sundays and holidays as in our present Appellate Rules. In reality the thirty day period is therefore substantially reduced in most cases.

The State Board of Tax Commissioners has not been prejudiced in any manner by its failure to actually receive the

papers in this case which were filed with the Clerk of the Circuit Court and mailed in Kosciusko County on the thirtieth day. Notice was properly given to the Attorney General, who is, after all, the statutory attorney for the Board. The basic purpose of the statute is to put the Board on notice of the taxpayer's action so that it can prepare and file the required transcript.

We are forced to base this case on a highly technical noncompliance with one requirement of the statute, i.e., the actual filing of the notice with the Board on or before the thirtieth day.

I concur here only because we must follow the provisions of a badly drafted statute which makes it very difficult for a taxpayer to bring an action to contest an assessment. This difficulty inheres in the statute and we are stuck with it until an enlightened legislature sees fit to change it.

I am sure these words are of little consolation to the taxpayer litigant in this case. The highly technical result in this case may well prove Charles Dickens' comment made over a century ago, that the law is an ass. Sometimes even to those of us involved in its processes it indeed appears that way.

NOTE.—Reported in 281 N. E. 2d 547.