MARGARET A. CLARY; MARLENE T. REINHOLD *v.*
NATIONAL FRICTION PRODUCTS, INC.

[No. 1272S177. Filed December 15, 1972.]

*Ross P. Walker,* of Indianapolis, for appellants.

*Theodore L. Locke, Jr., Locke, Reynolds, Boyd & Weisell,* of Indianapolis, for appellee.

PRENTICE, J.—These appeals are pending before us on Appellants' Petition to Transfer, the appeals having been consolidated in the Court of Appeals, Second District, and

dismissed by that Court upon motion of the appellee, the opinion thereon appearing in 283 N. E. 2d 574. We are in agreement with the action of that Court in sustaining the motion to dismiss, but we are not entirely in accord with its opinion thereon. The order of the Court of Appeals and its opinion of June 12, 1972 is, therefore, hereby set aside, and transfer of said appeals is granted to enable us to rewrite the opinion and omit that with which we do not agree.

These cases are now before the Court on the appellee's motion to dismiss or affirm. The facts giving rise to the motions are the same in each of the cases, and therefore the two cases continue, as consolidated by the Court of Appeals, for disposition by this opinion.

These are cases in which the appellants seek judicial review of negative awards of the Full Industrial Board of Indiana. The appellee has filed motions to dismiss or affirm in both cases alleging, in substance, that the appeals were not perfected within thirty days from the award of the Full Board, and that the appellants have failed to file assignments of error. An examination of the records of these cases reveals that in each case, both contentions are correct.

The date of the award of the Board in each case was November 5, 1971. Thereafter, on November 11, 1971 motions to correct errors were filed in both cases. The Board denied the motions on December 7, 1971, after which, on December 15, 1971 the appellants filed their praecipes for the records. Both records were filed in the Court of Appeals on January 4, 1972. No extensions of time within which to file the records were petitioned for, and none was granted by said Court.

The statute concerning appeals from awards of the Full Industrial Board, 1965 Repl. Burns Ind. Stat. Ann. § 40-1512, IC 1971, 22-3-4-8, reads in pertinent part as follows:

"An award by the full board shall be conclusive and binding as to all questions of (the) fact, but either party

to the dispute may *within thirty (30) days from the date of such award* appeal to the Appellate Court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions." (Our emphasis)

The statute further provides:

"An assignment of errors that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts."

Because the appellants have not perfected their appeals within the time allowed by the statute, or within time as might have been extended by the Court of Appeals on timely filed petitions, that Court did not have jurisdiction of these cases and the same must be dismissed. Appellants rely upon the recent cases of *Indiana State Personnel Board* v. *Wilson* (1971), 256 Ind. 674, 271 N. E. 2d 448 and *Bradburn* v. *County Department of Public Welfare* (1971), 148 Ind. App. 387, 266 N. E. 2d 805.

In both the *Wilson* and *Bradburn* cases, a motion to dismiss was sustained because the appellant did not file a motion to correct errors in the trial court before appealing. The *Wilson* case was an appeal from the Superior Court of Marion County from a judgment entered by that court in a proceeding to review a determination of the State Personnel Board. The Supreme Court sustained the appellee's motion to dismiss and concluded that all matters of which a party complains in any proceedings in a *trial court* must be brought to the attention of the court and the court be given the opportunity to correct its errors. The *Bradburn* case was an appeal from the St. Joseph Circuit Court and the judgment on an agreed case. The Appellate Court sustained the motion to dismiss filed in that case and held that in all appeals from a final judgment, the appealing party must file in the trial court a motion to correct errors as a condition precedent to an appeal.

Both *Wilson, supra,* and *Bradburn, supra,* were appeals from trial courts. Although in *Wilson,* we were dealing with a review of an administrative board's decision, in this Court it stood as an appeal from the trial court. In *Wilson,* we held that a motion to correct errors was necessary, because that is the established procedure in the trial courts, and the appeal was from a trial court. Trial Rule 59(G), which compelled that ruling in the *Wilson* case, however, is not applicable to the cases now before us, which are appeals *directly* from the Industrial Board. This is true, simply because the proceeding before the Industrial Board is not a proceeding to which the civil rules of procedure apply. Trial Rule 1 provides that the rules govern "the procedure and practice in all courts of the state of Indiana * * *." Nothing in the rules purports to extend them to administrative boards from whom appeals to the courts may be had.

The statute pertaining to appeals from the Industrial Board states:

"An assignment of errors of the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts."

There is no provision relative to the proceedings before the Industrial Board for the filing of a motion to correct errors, and the filing of such could not extend the time allowed for the filing of an assignment of errors in the Court of Appeals.

Each of the several administrative agencies is a creature of the Legislature. The procedures to be followed in presenting matters to these agencies and in appeals therefrom are specifically set out in the statutes pertaining to each. The rules of trial procedure, which, as stated in Trial Rule 1, govern the procedure and practice in all courts of the state of Indiana are not applicable to proceedings before the administrative

agencies nor to the proceedings requisite to invoking the jurisdiction of reviewing judicial authority.

Before the adoption of the rules of procedure of 1970, it was held that the provisions of the statute pertaining to appeals from the Industrial Board must be construed to relate to the mechanics of presenting the case in the Appellate Court rather than to the manner of saving questions before the Industrial Board. *Russell et al.* v. *Johnson et al.* (1943), 220 Ind. 649, 46 N. E. 2d 219.

Thus, in the case of *Cole v. Sheehan Construction Company* (1944), 222 Ind. 274 at 279, 53 N. E. 2d 172 at 174, we stated:

"* * * There is no such thing as a motion for a new trial in a compensation proceeding, but 'an assignment of errors (in the Appellate Court) that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts.' * * *."

"Under the civil practice the failure of the trial court to find facts established by the evidence, and which should have been found, may be challenged by a motion for a new trial on the ground that the findings are contrary to law. * * * *But under the compensation law such an error is presented by assigning that the award is contrary to law and by an appropriate proposition based thereon* in the appellant's brief." (Our emphasis)

The reasoning set out above is sound and equally applicable to cases arising today from the Industrial Board. Subsequent to the adoption of the new rules of procedure, the Appellate Court had before it the case of *Slinkard* v. *Extruded Alloys* (1971), 150 Ind. App. 479, 277 N. E. 2d 176, which was a judicial review of an award of the Industrial Board, in which the appellant did not file an assignment of errors. That court concluded that it was necessary, in order to invoke the jurisdiction of this Court to review an award of the Industrial Board, to file the proper assignment of error provided for by statute, and it stated:

"We find no provision in the Indiana Rules of Trial Procedure or in the Indiana Rules of Appellate Procedure, as they now exist, which expressly or impliedly requires the filing of a Motion to Correct Errors before the Industrial Board or which eliminates the necessity of filing in this court a duly certified transcript assigning as error that the decision of the Board is contrary to law. We can only conclude that recent changes in procedure governing 'appeals' do not affect the established practice of requiring an Assignment of Errors in the transcript of the proceedings for judicial review of Industrial Board cases. Thus, a filing of a duly certified transcript containing an Assignment of Errors that the decision of the Board is contrary to law with a proper discussion in the appellant's brief is all that is necessary to invoke this court's jurisdiction on review."

We affirm the holding of the Court of Appeals in *Slinkard* v. *Extruded Alloys, supra,* and re-affirm our holdings in *Russell et al.* v. *Johnson et al., supra,* and *Cole* v. *Sheehan Construction Company, supra,* and hold that the Rules of Trial Procedure do not apply to actions before the Industrial Board but that the statute 1965 Repl. Burns Ind. Stat. Ann. § 40-1501, IC 1971, 22-3-1-1 applies, and one appearing before the Board, and one seeking a review of a decision of the Board, must follow the procedure set forth in the statute.

The attempted appeals in these causes are, accordingly, hereby dismissed.

Arterburn, C.J., Givan and Hunter, JJ., concur; DeBruler, J., dissents with opinion.

### DISSENTING OPINION

DeBruler, J.—My vote in this case is to grant transfer and remand the case to the Court of Appeals for the Second District for a decision on the merits. I have no dispute with the interpretation given TR. 59 (G) here, nor do I object to the refinement given of the holding of *Indiana State Personnel Board* v. *Wilson* (1971), 256 Ind. 674, 271 N. E. 2d 448, (DeBruler, J., dissenting without opinion). From a confluence of newly adopted Trial and Appellate Rules, case law, and procedural provisions of a statute, the majority opinion, by relating and

interpreting them, charts a most reasonable course for future Industrial Board cases. However, the majority might also logically have reached the conclusion that a motion to correct errors should be filed before the Industrial Board as a necessary condition precedent to seeking review in the Court of Appeals. I.C. 1971, 14-5-7-2, being Burns § 49-1512, quoted in the majority opinion requires that the rules governing appeals from ordinary civil actions shall apply in appeals from the Industrial Board. Appellate Rule 4 indicates that in a civil action, an appeal may be taken from a denial of a motion to correct errors. Appellate Rule 7.2 states that in appeals from final judgments no assignment of error other than the motion to correct errors shall be included in the record. One logical interpretation of the *Wilson* case, *supra,* is that it makes the rules governing civil action applicable to cases originating in administrative agencies.

Simply, my position is this. Counsel for appellants was faced at various stages of this litigation with making a choice of what procedural steps to take next. There were strong indications along the way that he should take the step of filing a motion to correct errors. The choice made by counsel to file a motion to correct errors before the Industrial Board was a logical one, and one that did not cause appreciable harm to the opposing party. And we find out now, for the first time, that he made the wrong choice.

In my view, the error which the majority makes, is applying this new interpretation to this case and dismissing it without a decision on the merits.

NOTE.—Reported in 290 N. E. 2d 53.