LUDENE WILKS *v.* FIRST NATIONAL BANK OF MISHAWAKA.

[No. 2-174A6. Filed May 8, 1975.]

*Leonard V. Campanale,* of Mishawaka, for appellant.
*James H. Pankow,* of South Bend, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Plaintiff-Appellant, Ludene Wilks (Wilks), seeks judicial review of a decision by the Full Industrial Board (the Board) affirming the Hearing Member's dismissal of Wilks' Application (Form 9) as not timely filed.

We affirm.

## FACTS

On April 8, 1970, while employed as a bank teller with the First National Bank of Mishawaka (the Bank), Wilks allegedly injured her back while lifting heavy money bags.

Her claim for compensation thus expired on April 8, 1972 . . . a Saturday.

On Monday, April 10, 1972, Wilks sent her Form No. 9 Application by registered mail to the Industrial Board, return receipt requested.

On Wednesday, April 12, 1972, Wilks' Application was received by the Board and stamped "Filed" on that date.

The Bank filed an affirmative answer alleging Wilks' Form No. 9 was not timely filed and moved for the dismissal of her application for workmen's compensation benefits. The Hearing Member found "the plaintiff's Form No. 9 application was not filed within the two-year statutory period provided by the Indiana Workmen's Compensation Act," and dismissed Wilks' application.

After oral argument, the Board entered the following Findings of Fact:

"That this claim was initiated as Application No. 72356 by the filing of a Form 9 application for compensation on April 12, 1972, by the plaintiff; said application having been deposited in the mail on April 10, 1972, at Mishawaka, Indiana post office box and by certified mail.

"It is further found that said Form 9 application alleged an accidental injury for the plaintiff on April 8, 1970. . . .

"Thereafter, the defendant filed an affirmative answer alleging seeking dismissal of the application for compensation for the reason same was not filed until more than two years after the alleged accidental injury occurred; *the plaintiff's Form 9 application . . . was neither mailed to nor received by the Industrial Board within two years of the date of the alleged accidental injury.*

"Said Full Industrial Board of Indiana now finds for the defendant and against plaintiff on defendant's Affirmative Answer . . . and further finds that plaintiff's application Form No. 9 . . . should be dismissed." (Emphasis supplied.)

Wilks appealed that dismissal.

## ISSUE

A single issue is presented:

Did Wilks timely file her Application Form No. 9 with the Industrial Board pursuant to the Workmen's Compensation Act?

Wilks contends that the Workmen's Compensation Act is to be liberally construed, that the Indiana Rules of Trial Procedure apply, making her application timely because the two-year statutory limit expired on a Saturday and the mailing of the Application on the following Monday constituted timely filing.

The Bank argues that the Workmen's Compensation Act specifically sets forth the statute of limitations which controls the manner in which time is to be computed in workmen's compensation actions and the Indiana Rules of Trial Procedure are not applicable.

## DECISION

CONCLUSION—It is our opinion that Wilks' Form No. 9 Application was not timely.

IC 1971, 22-3-3-3, Ind. Ann. Stat. § 40-1224 (Burns Code Ed.) sets forth the statute of limitations for the filing of claims for workmen's compensation benefits:

> *"Limitation for filing claim.*—The right to compensation under this act shall be forever barred unless within two (2) years after the occurrence of the accident . . . a claim for compensation thereunder shall be *filed* with the Industrial Board . . . ." (Emphasis supplied.)

Note: No reference is made in this statute to the method of computation of time.

According to *Wright* v. *Weil Brothers & Co.* (1921), 75 Ind. App. 497, 130 N.E.2d 878, "filed" means the application must "reach the office of the Industrial Board" within the statutory time limit:

> "[A]ppellant . . . caused a typewritten application for review before the full board to be prepared, which, on September 8, 1920, was duly mailed to the Industrial Board, but . . . because of insufficient postage the same was not delivered, but was returned to appellant, who promptly remailed it with sufficient postage. However, the application did not *reach the office of* the Industrial Board until September 13, 1920, *which was two days late."* (Emphasis supplied.) 75 Ind. App. at 498, 130 N.E. at 878-79.

Even more persuasive is the language found in *Weatherhead Co.* v. *State Bd. of Tax Comm'rs* (1972), 151 Ind. App. 680, 281 N.E.2d 547, in which the Court examined the definition of the term "filing" as used in IC 1971, 6-1-31-4, Ind. Ann. Stat. § 64-104 (Burns Code Ed.):

> "This portion of the statute plainly requires that a notice of appeal be *filed* with the Board within thirty days after the Board gives notice of its determination."
>
> \* \* \*
>
> "If, then, notice is required to be filed within thirty days, *the next question is whether Weatherhead's notice of appeal was 'filed' when it was deposited in the mail on the thirtieth day.*
>
> "In Lawless et al. v. Johnson et al. (1953), 232 Ind. 64, at 67, 111 N.E.2d 656, at 658, it was stated that, ' "[*a*] *paper is filed when it is delivered to the proper officer, and by him received to be kept on file."* Powers v. State (1882), 87 Ind. 144, 148.' "
>
> \* \* \*

"Similarly, there is a great unanimity of authority from other jurisdictions in agreement with the above definition of the word 'filed'. In Wirtz v. Local Union 169, International Hod Carriers, etc. (D. Nev. 1965), 246 F.Supp. 741 at 750, the court stated:

" ' "The use of the word 'filed' or 'filing' in a legal sense is almost universally held to mean *the delivery of the paper or document in question to the proper officer and its receipt by him to be kept on file.*" Creasy v. United States, 4 F.Supp. 1175; Weaver v. United States (4 CCA 1934), [D.C. Va.] 72 F.2d 20. *A document is not filed when it is deposited in the mails and the risk of loss or delay in transit is on the sender.'*

"See also:

State v. Empire Building Company (1971), 46 Ala. App. 565, 246 So.2d 454; Blades v. United States (9 Cir. 1969), 407 F.2d 1397; Mears v. Mears (1965), 206 Va. 444, 143 S.E.2d 889. 16A Words and Phrases 'File,' at 102-141; 36A C.J.S. File at p. 397." (Emphasis supplied.)

281 N.E.2d at 549-550.

*See also,*

*Walner* v. *Capron* (1946), 224 Ind. 267, 66 N.E.2d 64; *Goodman* v. *State* (1929), 201 Ind. 189, 165 N.E. 775; *Grabowski* v. *Benzsa* (1923), 80 Ind. App. 214, 140 N.E. 76; *Thompson* v. *State* (1921), 190 Ind. 363, 130 N.E. 412; *Hammond, etc. Electric Co.* v. *Antonia* (1908), 41 Ind. 335, 83 N.E. 766; *Engleman* v. *State* (1850), 2 Ind. 91; *Burroughs* v. *Lyles* (1944), 142 Tex. 704, 181 S.W.2d 570; *Laffey* v. *Philadelphia & Reading Coal & Iron Co.* (1937), 125 Pa. Supr. 9, 189 A. 509; *United States* v. *Lombardo*, 241 U.S. 73.

So Wilks' Application was not "filed" on Saturday, April 8, 1972, the expiration date of the two-year statute of limitations, nor was it "filed" on Monday, April 10, 1972, because it was not received at the Board's office until Wednesday, April 12, 1972.

Wilks seeks to avoid this unfortunate circumstance by resorting to the Rules of Trial Procedure . . . without designating any particular rule.

There is some, but not enough, solace for Wilks in the application of Ind. Rules of Procedure, Trial Rule 6(A), which provides in pertinent part:

"(A) Computation. In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed is to be included unless it is

"(1)  a Saturday,

"(2)  a Sunday,

"(3)  a legal holiday as defined by state statute, or

"(4)  a day the office in which the act is to be done is closed during regular business hours.

"In any event, the period runs until the end of the next day that is not a Saturday, a Sunday, a legal holiday, or a day on which the office is closed. . . ."

In *Ball Stores, Inc.* v. *State Bd. of Tax Comm'rs* (1974), 262 Ind. 386, 316 N.E.2d 674, the Supreme Court did go so far as to apply TR. 6(A) in an analogous situation, because the statute involved, as here, was silent as to the method of computing time. Justice Hunter said:

"[T]he statute is silent as to the method of computing the time for filing an appeal and giving notice to the Board. Trial Rule 6(A) provides the method for computing the thirty day time span when the thirtieth day falls on a Saturday, Sunday or holiday." 262 Ind. at 389-90, 316 N.E.2d at 677-78.

But utilization of TR. 6(A) only operates to extend to Monday, April 10, 1972, for filing Wilks' Application. And that it must be "filed" was recognized by the opinion in *Ball Stores, Inc.*:

"The Board should either make provision for the actual *receipt* of such notices on the thirtieth day or recognize that when such *receipt* is impossible (e.g., because of the closing of its offices and/or the *nondelivery* of the United States mails on Sundays and holidays), *receipt* on the next business day is a timely *receipt* of notice. . . ." (Emphasis supplied.) 262 Ind. at 389, 316 N.E.2d at 676.

*See also Smith* v. *Review Board of Indiana Emp. Sec. Div.* (1974), 159 Ind. App. 282, 306 N.E.2d 140, in which this Court stated:

"We find *no provision in the Act* providing *for the filing* of the Notice of Intention to appeal *to be accomplished by the deposit of the notice in the mail.* We therefore conclude

that the words *'files with the Review Board'* means that the *Notice must be placed in the custody of the review board* at any time prior to the expiration of fifteen days from the mailing of the decision. This can be accomplished by mailing of course, *provided the mailing is sufficiently prompt that it reaches the review board within the fifteen days. . . ."* (Emphasis supplied.) 159 Ind. App. at 285, 306 N.E.2d at 142.

So, Wilks' time to file was extended from Saturday to Monday—no longer. *Ball Stores, Inc.* is not to be interpreted beyond its express language that TR. 6(A) will only come into play if a statute of limitations governing administrative proceedings is silent as to the method of computation of time; no other Trial Rule, including TR. 5(E)[1] allowing filings by mail, has yet been held by the Indiana Supreme Court to be applicable to administrative proceedings. *Also see Jenkins* v. *Yoder* (1975), 163 Ind. App. 377, 324 N.E.2d 520, and *compare Clary* v. *National Friction Products* (1972), 259 Ind. 581, 290 N.E.2d 53.

Accordingly, the Board properly dismissed the Application and that action is hereby affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 326 N.E.2d 827.

---

1.  *See Seastorm* v. *Amick* (1974), 159 Ind. App. 266, 306 N.E.2d 125.