**MARGRAT, INC., Appellant**
**(Plaintiff Below),**

v.

**INDIANA STATE BOARD OF TAX COM-**
**MISSIONERS; Carl Broo, Field Exam-**
**iner, State Board of Tax Commissioners;**
**Madison County Board of Review; Tom**
**Broderick as Madison County Board of**
**Review President and as Madison Coun-**
**ty Assessor; Skip Waymire, Board**
**Member; Otis Cox, as Board Member;**
**John Lamper, as Board Member; Jesse**
**McMahan, as Board Member; Helen**
**Norris, as Pipe Creek Township Asses-**
**sor; Theodore Sendak, Attorney Gener-**
**al of the State of Indiana, Appellees**
**(Defendants Below).**

No. 2–281–A–38.

Court of Appeals of Indiana,
Second District.

Dec. 13, 1982.

Ronald L. McNabney, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Margrat, Inc., plaintiff below, (Margrat) appeals the trial court's disposition of Margrat's appeal from the final determination of the Appellees State Board of Tax Commissioners et al., defendants below, (State Board) assessing the value of certain property.

Margrat presents two issues for review:

1. Whether the trial court properly determined that Margrat had failed to file, with the State Board, a timely notice of intent to appeal, and

2. Whether the trial court's construction of I.C. 6–1.1–15–5 and I.C. 6–1.1–36–1 (West Ann.Code 1982) results in a violation of the constitutional guarantees of due process and equal protection.

On April 9, 1980, the State Board made a final determination upholding a tax assessment of certain real property owned by Margrat. On the same day the State Board deposited notice of its final determination in the United States mail.

On May 9, 1980, Margrat filed, in the Madison Circuit Court, its complaint and summons appealing the final determination of the State Board. On the same date Margrat sent its notice of intent to appeal to the State Board by registered mail, return receipt requested. The State Board received the notice of intent to appeal on May 12, 1980.

On May 29, 1980, the State Board moved to dismiss the appeal for lack of jurisdiction of the subject matter. On September 15, 1980, the trial court entered its disposition in favor of the State Board. Margrat timely filed its Motion to Correct Errors which the trial court overruled. This appeal followed.

## I.

■ I.C. 6–1.1–15–5 provides in part:
"(b) If a person desires to initiate an appeal of the state board of tax commissioners' final determination, he shall:

(1) file a written notice with the state board of tax commissioners informing the board of his intention to appeal . . .;

\*    \*    \*    \*    \*    \*

(c) To initiate an appeal under this section a person must take the action required by subsection (b) of this section within thirty (30) days after the board gives him notice of its final determination."

In addition, I.C. 6–1.1–36–1 provides in part:

"If a notice is required to be given by mail under the general assessment provisions of this article, the day on which the notice is deposited in the United States mail is the day notice is given."

Margrat argues that the Indiana Trial Rules should be applied to the instant case. Specifically, Margrat points out that the Ind.Rules of Procedure, Trial Rule 5(E) defines "filing" and provides: "[f]iling by registered or certified mail shall be complete upon mailing." Further, Margrat refers us to Trial Rule 6(E), which adds three days to any prescribed period when notice is mailed to a party and that party is required to do some act within that prescribed period. In support of its argument, Margrat cites *Ball Stores, Inc. v. State Board of Tax Commissioners* (1974) Ind., 262 Ind. 386, 316 N.E.2d 674, in which the Indiana Supreme Court held that, because the statute was silent regarding the method for computing the thirty day notice period, T.R. 6 should be applied to extend the period when the thirtieth day fell on a weekend or legal holiday.

Nevertheless, our courts have held in numerous cases that the rules of trial procedure "are not applicable to proceedings before administrative agencies nor to the proceedings requisite to invoking the jurisdiction of reviewing judicial authority." *Clary v. National Friction Products, Inc.* (1972) Ind., 259 Ind. 581, 290 N.E.2d 53, 55. *See also Ball Stores, Inc. v. State Board of Tax Commissioners, supra; State v. Bridenhager* (1972) Ind., 257 Ind. 699, 279 N.E.2d 794; *Josam Manufacturing Co. v. Ross* (3d Dist. 1981) Ind.App., 428 N.E.2d 74; *Solar Sources, Inc. v. Air Pollution Control Board* (2d Dist.1980) Ind.App., 409 N.E.2d 1136. Indeed, in *Wilks v. First National Bank of Mishawaka* (2d Dist.1975) Ind.App., 164 Ind. App. 156, 326 N.E.2d 827, 831, the Court of Appeals noted:

"*Ball Stores, Inc.* is not to be interpreted beyond its express language that TR. 6(A) will only come into play if a statute of limitations governing administrative proceedings is silent as to the method of computation of time; no other Trial Rule, including TR. 5(E) allowing filings by mail, has yet been held by the Indiana Supreme Court to be applicable to administrative proceedings." (Citations and footnote omitted.)

We find *Weatherhead v. State Board of Tax Commissioners* (3d Dist.1972) Ind.App., 151 Ind.App. 680, 281 N.E.2d 547, dispositive of this case. In *Weatherhead,* the Court examined the predecessor statute to I.C. 6–1.1–15–5 which provided in part: "an appeal may be taken by filing a written notice with the board." I.C. 6–1–31–4 (Burns Code Ed.1972) (amended 1975). The

Court found that the term "filing" meant " 'the delivery of the paper or document in question to the proper office and its receipt by him . . .' " *Id.* 281 N.E.2d at 550 (quoting *Wirtz v. Local Union 169* (D.Nev.1965) 246 F.Supp. 741, 750). *Accord Smith v. Review Board of Ind. Employment Sec. Div.* (2d Dist.1974) Ind.App., 159 Ind.App. 282, 306 N.E.2d 140 (per curiam), *transfer denied,* (1982) Ind., 439 N.E.2d 1334 (Hunter, J., dissenting to denial of transfer).

The language of the present statute has not been changed in meaning from that interpreted in *Weatherhead:* if a person desires to process an appeal, he must still "file a written notice with the state board of tax commissioners." I.C. 6–1.1–15–5(b)(1).

We hold that I.C. 6–1.1–15–5 requires the notice of an appeal to be received by the proper official within thirty days from the day the State Board mails its final determination.

### II.

 Margrat next contends that the trial court's construction of I.C. 6–1.1–15–5 operates to deny the constitutional guarantees of due process and equal protection because the taxpayer is not allowed thirty full days to process a notice of appeal.

The Court in *Weatherhead v. State Board of Tax Commissioners, supra,* 281 N.E.2d at 552 addressed the equal protection argument succinctly:

> "This contention is untenable because [the statute] creates no unreasonable classifications. Anyone wishing to appeal from the final determination of the Board is subject to the same statutory requirements. No unreasonableness is shown by the fact that the Board may give notice of its determination by mail. Two different purposes are being accomplished. The Board is only informing the taxpayer of its determination, while the taxpayer must file notice of appeal in order to commence his action. No unreasonableness or arbitrariness is shown by permitting mailing in one circumstance while requiring receipt in the other." (citation omitted).

Nor do we have a situation here in which the right to judicial review guaranteed by due process of law and the Indiana Constitution has been thwarted by a "defective notice of a decision which obstructs or precludes an effective appeal." *Smith v. Review Board of Ind. Employment Sec. Div., supra,* 439 N.E.2d at 1337 (Hunter, J., dissenting to denial of transfer).

We hold that the trial court's construction of I.C. 6–1.1–15–5 does not effect a denial of the constitutional guarantees of due process and equal protection.

The trial court's determination to dismiss this appeal for lack of subject matter jurisdiction is affirmed.

BUCHANAN, C.J., and SHIELDS, J., concur.