**STATE BOARD OF TAX COMMISSIONERS,**
**Appellant,**

v.

**LESEA BROADCASTING CORPORATION,**
**Appellee.**

**No. 29S05–8703–TA–350.**

Supreme Court of Indiana.

Aug. 18, 1987.

Linley E. Pearson, Atty. Gen., Marilyn S. Meighen, Deputy Atty. Gen., Indianapolis, for appellant.

John R. Price, P.C., Burroughs & Price, Indianapolis, for appellee.

GIVAN, Justice.

The appellant in this case filed a "Petition For Instructions For Taking An Interlocutory Appeal From The Indiana Tax Court's Denial Of A Motion To Dismiss." The petition asks that this Court instruct the parties as to the proper procedures to be followed in order to properly appeal an interlocutory order of the Tax Court.

On the 21st day of April 1987, this Court accepted jurisdiction of this appeal, previously certified under A.R. 4(B)(6) by the Tax Court. Appellant was directed to file a praecipe in the Tax Court to obtain the record of proceedings, if this had not already been done, and was further ordered to file an assignment of error and the record of proceedings, pursuant to A.R. 3(B) and A.R. 7.2(A)(1)(b). It was further ordered that the briefs be filed in accordance with A.R. 8.1(B). The parties have complied with the Court's direction and have filed their respective briefs.

The Honorable Thomas G. Fisher, Judge of the Indiana Tax Court, issued the following order in this cause:

"The Respondent, State Board of Tax Commissioners, having heretofore filed its Motion to Dismiss, and the Court being duly advised now finds:

The issue before this Court is whether a notice of intent to appeal is timely filed under IC 6–1.1–15–5(c)(1) (Supp.1986) when it is mailed within the prescribed time period but is not actually received by the State Board until after expiration of the statutory time period.

Petitioner LeSea Broadcasting Corp. (taxpayer) operates religious television stations. The taxpayer's claim for exemption under IC 6–1.1–10–16(a) was denied by Respondent State Board of Tax Commissioners (Board) and notice of same was given on November 7, 1986. Taxpayer made timely filing of the complaint in the Tax Court and made timely service upon the Attorney General with a copy of the complaint. IC 6–1.1–15–5(c)(2), (3). Taxpayer was unable to deliver the notice of appeal to the Board on Monday, December 22, (the 45th day) before the office closed. The taxpayer deposited the notice in the mail at 6:00 p.m. on December 22. The Board received the notice Wednesday, December 24. Consequently, the Board filed a motion to dismiss for lack of jurisdiction.

IC 6–1.1–15–5 provides that the notice of intent to appeal must be filed with the Board within forty-five days after the Board gives the taxpayer notice of the final determination. IC 6–1.1–15–5(c)(1), (d)(1). A line of Indiana cases provides authority for the Board's position. *Clary v. National Friction Products, Inc.* (1972), 259 Ind. 581, 290 N.E.2d 53; *Ball Stores, Inc. v. State Bd. of Tax Commrs.* (1974), 262 Ind. 386, 316 N.E.2d 674; *Weatherhead v. State Bd. of Tax Commrs.* (1972), 151 Ind.App. 680, 281 N.E.2d 547; *Margrat, Inc. v. Indiana State Bd. of Tax Commrs.* (1982), Ind.App., 448 N.E.2d 684. However, the legislature has made significant changes in the tax laws since *Margrat*, chief among those being the creation of the Indiana Tax Court. In view of these changes, a reexamination of the aforementioned authorities is called for.

The authorities supporting the Board's argument begin with *Weatherhead Co. v. State Board of Tax Commissioners* (1972),

151 Ind.App. 680, 281 N.E.2d 547. In that case, the trial court sustained the Board's motion to dismiss for lack of jurisdiction because the Board did not receive notice of appeal by the thirtieth day after the board had mailed notice to the taxpayer.[1]

The Court of Appeals first held that non-compliance with the filing requirement would defeat the jurisdiction of the trial court to review the case. *Id.* [281 N.E.2d] at 549, citing *Raab v. Ind. State Bd. of Tax Commrs.* (1968), 143 Ind.App. 139, 238 N.E.2d 697. After consideration of authorities from several other jurisdictions, the court stated that 'absent contrary statutory provision the word "filed" simply means delivery of the document to the proper officer and receipt of it by him.' *Id.* [281 N.E.2d] at 551. The court also held that the Indiana Rules of Civil Procedure were inapplicable because they did not take effect until January 1, 1970, five years after the taxpayer had initiated the appeal. Finally, the court held that this construction did not violate the constitutional guarantees of due process and equal protection and the statute could not be struck down as unconstitutionally vague. *Id.* [281 N.E.2d] at 552.

The Supreme Court thereafter had occasion to comment on the applicability of the Trial Rules to administrative proceedings in *Clary v. National Friction Products, Inc.* (1972), 259 Ind. 581, 290 N.E.2d 53. Here the Supreme Court held that where claimants failed to perfect their appeals from the Industrial Board within thirty days, the Court of Appeals lacked jurisdiction to review their cases. The statute at issue provided in part:

> ... [E]ither party to the dispute may within thirty (30) days from the date of such award appeal to the Appellate Court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions.

An assignment of errors that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. IC 22–3–4–8 (1971).

The Industrial Board made the award November 5. Claimants filed motions to correct errors on November 11. The Industrial Board denied the motions on December 7; claimants filed praecipes for the records on December 15. The records were filed in the Court of Appeals on January 4. The Supreme Court held that Ind. Rules of Procedure, Trial Rule 59, which provides the mechanics for the motion to correct errors, was not applicable to direct appeals from the Industrial Board because that is an administrative proceeding to which the Trial Rules do not apply. Furthermore, because the appeals statute specifically required claimants to file an assignment of errors, the filing of the motion to correct errors under T.R. 59 could neither be held to extend the time required for filing an assignment of errors nor be held to eliminate the necessity of filing an assignment of errors.

The Supreme Court followed *Clary* with *Ball Stores, Inc. v. State Board of Tax Commissioners* (1974), 262 Ind. 386, 316 N.E.2d 674. In this case the court was once again confronted with the predecessor to the statute at issue in this case.[2] The Board had issued the final determination on May 11. On Thursday, June 8, the taxpayer sent the complaint, summons, and notice of appeal by certified mail. The thirtieth day expired at midnight on Saturday, June 10; at this time, the Board's offices were closed. The Board actually received the notice of appeal on Monday, June 12, on the thirty-second day after notice of the final determination had been made. The Board filed a motion to dismiss for lack of jurisdiction. The Court of Ap-

---

**1.** The statute has since been amended to provide the taxpayer with forty-five days in which to initiate an appeal; however, the taxpayer must initate [sic] an appeal within thirty days if a rehearing has been conducted under IC 6–1.1– 15–5(a). IC 6–1.1–15–5(d) (effective July 1, 1986).

**2.** IND.CODE 6–1–31–4 (1971) (recodified at IC 6–1.1–15–5).

peals had sustained the motion to dismiss on the authority of *Weatherhead* and *Clary.* The Supreme Court disagreed.

Distinguishing *Weatherhead,* the Supreme Court noted that the appeal from the Board in the *Weatherhead* case had been taken prior to the adoption of the civil rules. Furthermore, the thirtieth day in *Weatherhead* fell on a Thursday, so the taxpayer had not been prohibited from filing a notice of appeal with the Board on that day, as was the Taxpayer in *Ball Stores,* wherein the thirtieth day fell on a Saturday.

The Court also drew a distinction between *Clary* and *Ball Stores:*

> However, in *Clary,* there [w]as a conflict concerning whether the statutory procedure governing an appeal from the Industrial Board was to be followed or whether the procedure relating to appeals from trial courts was to be followed. This Court's holding was that when such a conflict occurs, the statutory procedure prevails. However, the present case does not involve such a conflict. Instead the *statute is silent* as to the method of computing time for filing an appeal and giving notice to the Board. Trial Rule 6(A) provides the method....

*Ball Stores,* 316 N.E.2d at 677 (emphasis added).

The Court concluded that

> (t)he harsh result due to the Tax Board's interpretation is clearly repugnant to the legislative intent that the taxpayer have thirty days to deliver statutory notice.

Id. at 678.

Consequently the Court ruled that T.R. 6(A) was applicable, notwithstanding the fact that this was an administrative proceeding 'requisite to invoking the jurisdiction of reviewing judicial authority.' *Id.* at 678.

The taxpayer in *Margrat, Inc. v. Indiana State Board of Tax Commission-*

ers (1982), Ind.App., 448 N.E.2d 684, relied heavily on the Supreme Court's reasoning in *Ball Stores.* In the *Margrat* case, the Board had issued the final determination on April 9, after which the taxpayer filed a complaint in circuit court on May 9; on the same day, the taxpayer sent notice of appeal to the Board by registered mail. The Board received the notice on May 12, the thirty-third day. The taxpayer argues that under the reasoning of *Ball Stores,* Trial Rule 6(E) was applicable because the appeals statute was silent as to any extension of time for filings by mail. The Court of Appeals rejected this argument, citing *Clary* and *Ball Stores* for the principal that 'the rules of trial procedure "are not applicable to proceedings before administrative agencies nor to the proceedings requisite to invoking the jurisdiction of reviewing judicial authority." ' *Id.* at 685, quoting *Clary,* 290 N.E.2d at 55. The Court of Appeals looked to the case of *Wilks v. First National Bank of Mishawaka* (1975), 164 Ind.App. 156, 326 N.E.2d 827, for guidance in refusing to extend *Ball Stores.* In that case, the *Wilks* court had declined to extend *Ball Stores* to include Trial Rule 5(E), which provides for filings by mail. Drawing attention to the Supreme Court's repeated references in *Ball Stores* to the "receipt" of notices by the Board,[3] the Court of Appeals in *Wilks* concluded that the Supreme Court had recognized that "filing" meant 'the delivery of a paper or documents in question to the proper officer and its receipt by him to be kept on file.' *Wilks,* 326 N.E.2d at 829, 839, quoting *Creasy v. United States* (D.Va.1933), 4 F.Supp. 175. For this reason, the court in *Wilks* stated that

> *Ball Stores, Inc.* is not to be interpreted beyond its express language that TR. 6(A) will only come into play if a statute of limitations, governing administrative proceedings is silent as to the method of computation of time; no

---

**3.** The court in *Wilks* referred to the following passage from *Ball Stores:*

> The Board should either make provision for the actual *receipt* of such notices on the thirtieth day or recognize that when such *receipt* is impossible (e.g., because of the closing of its

offices and/or the *nondelivery* of the United States mails on Sundays and holidays), *receipt* on the next business day is a timely *receipt* of notice.... (Emphasis supplied).

*Wilks,* 326 N.E.2d at 830, quoting *Ball Stores* 316 N.E.2d at 676.

other Trial Rule, including TR. 5(E) allowing filings by mail, has yet been held by the Indiana Supreme Court to be applicable to administrative proceedings.

*Margrat*, 448 N.E.2d at 685, quoting *Wilks*, 326 N.E.2d at 831 (citations and footnote omitted).

Thus, in the absence of any such rule allowing papers to be considered 'filed' on the date mailed, the court in *Margrat* found *Weatherhead* dispositive, holding that 'IC 6–1.1–15–5 requires the notice of an appeal to be received by the proper official within thirty days from the day the State Board mails its final determination.' *Margrat*, 448 N.E.2d at 686. The court in *Margrat* also rejected the due process and equal protection arguments advanced by the taxpayer, adopting the position taken by the *Weatherhead* court. *Id.*

The Board contends that this Court should follow *Margrat* and hold that the Trial Rules are not applicable to filings under IC 6–1.1–15–5(c)(1). However, the interpretation given to the *Ball Stores* case by the Court of Appeals has not been universally accepted.

One of the leading authorities on Indiana practice and procedure, Professor William Harvey, has taken the Court of Appeals to task for failing 'to make the distinctions which are taught by *Ball Stores*, and to develop the applications of the Trial Rules as shown in *Ball Stores*.' 1 W. Harvey, Indiana Practice § 5.3, at 320 (2nd edition 1987). In Harvey's view, this holding in *Margrat* was inconceivable in the face of the teachings of *Ball Stores*.[4] He concluded that

> [i]n view of the silence of the administrative agency's statue on the point, the holdings in *Ball Stores*, and the availability of the Trial Rules, it is suggested that the *Margrat* reasoning is devoid of justice, and that the Indiana Appellate Court should retain

the fairness in *Ball Stores* when the facts permit its application.

1 W. HARVEY, INDIANA PRACTICE § 6.2, at 336 (2nd edition 1987).

This Court finds that Professor Harvey's analysis and discussion of *Margrat* and *Ball Stores* is persuasive. This Court declines to follow *Margrat* and finds that since IC 6–1.1–15–5 is silent both as to the method of filing and as to any definition of 'filing' and since the Trial Rules are available, that Trial Rule 5(B)(2) applies. Therefore the notice to the State Board of Tax Commissioners as required by IC 6–1.1–15–5 is timely filed when it is deposited into the United States Mail, addressed to the State Board of Tax Commissioners with postage prepaid, within the time specified under IC 6–1.1–15–5.

The Court would note that this construction is the one which most attorneys give to such provisions especially in those situations where a court action is involved and the matter is not fully within the administrative process.

Also IC 33–3–5–12 provides for a small claims docket which contemplates filings by persons not represented by counsel. To hold otherwise places a highly technical requirements on small tax claimants and is clearly contrary to the intent of the legislature in enacting the small claims provision. *See Lawrence County Commissioners v. Chorley* [Chorely] (1979), Ind.App., 398 N.E.2d 694.

Accordingly, the Motion to Dismiss heretofore filed by the Respondent State Board of Tax Commissioners be and the same is hereby overruled and denied.

ORDERED this 17th day of March, 1987."

We are in total agreement with Judge Fisher's observation in his order and see no reason to paraphrase his order in our own words. Judge Fisher's order is therefore approved and adopted in its entirety for the guidance of the bench and the Bar and administrative offices of this state.

---

**4.** Harvey also found the principal authority cited in *Margrat* to be problematic; *Weatherhead* was disfavored because it was decided before adoption of the Trial Rules, and *Wirtz v. Local*

*Union 169* (D.Nev.1965) 246 F.Supp. 741, was frowned upon for that reason as well as for being a federal case decided in Nevada.

The Tax Court is sustained and this matter is remanded for further proceedings in the cause.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.