STATE EX REL. PUBLIC SERVICE COMMISSIONER *v.*
MARION CIRCUIT COURT, NIBLACK, JUDGE.

[No. 30,106. Filed October 4, 1961.]

*Edwin K. Steers,* Attorney General and *Donald M. Mosiman,* Deputy Attorney General, for relator.

*William M. Evans,* of Indianapolis, for respondent.

ACHOR, J.—This is an original action for a writ of mandate and prohibition. The facts giving rise to this action are as follows:

Pursuant to an action before the Public Service Commission of Indiana, that Commission entered an order on March 7, 1961, to the effect that certain new rates established by the Chicago and Eastern Illinois Railroad Company be permanently suspended. Thereafter, pursuant to the terms of Acts of 1957, ch. 189, §4, p. 395 [§54-446, Burns' 1951 Repl. (1961 Supp.)], the Railroad filed in the Appellate Court its "Application to Enjoin Temporarily Enforcement of the Order of the Public Service Commission of Indiana." On April 5, 1961, the Appellate Court, pursuant to a hearing and briefs submitted thereon, denied the Railroad's application to enjoin temporary enforcement of the order of the Public Service Commission.

Thereafter, on April 10, 1961, the Railroad filed its verified complaint for restraining order and injunction in the Marion Circuit Court, which action was entered as Cause No. C61-441 in said court. Pursuant to said complaint for injunctive relief, the Marion Circuit Court issued a temporary restraining order on said date, without notice. Thereafter, on April 17, 1961, relator filed its motion to dissolve said temporary restraining order and dismiss the cause of action on the ground that the Marion Circuit Court was without jurisdiction in the cause. On May 24, 1961, the Marion Circuit Court overruled relator's motion to dissolve and dismiss and thus assumed jurisdiction of the cause.

Relator here challenges the jurisdiction in the Marion Circuit Court over the subject matter in said Cause No. C61-132. This court, on the 13th day of June, 1961, pursuant to the facts above presented, issued a temporary writ of prohibition and alternative writ of mandate.

The jurisdiction of the Marion Circuit Court in this action is subject to challenge for two separate and distinct reasons. First, because of the fact that the Acts of 1957, ch. 189, §§1-11, p. 395 [§§54-443—54-453, Burns' 1961 Cum. Supp.] provided for a completely new and different procedure to be followed in the judicial review of the orders of the Public Service Commission. Because of the new and comprehensive character of this enactment it must be presumed that the legislature intended that the procedure therein provided for should be exclusive. Section 1 [§54-443, Burns' 1961 Cum. Supp.] provides in part as follows:

"Any person, firm, association, corporation, city, town or public utility adversely affected by any final decision, ruling, or order of the public service commission of Indiana, may, within thirty [30] days from the date of entry of such decision, ruling, or order, appeal to the Appellate Court of Indiana for errors of law under the same terms and conditions as govern appeals in ordinary civil actions, except as otherwise herein provided, and with the right in the losing party or parties in the Appellate Court to apply to the Supreme Court for a petition to transfer the cause to said Supreme Court as in other cases."

The Appellate Court of Indiana, in *Boone Co. REMC et al.* v. *Pub. Serv. Com.* (1958), 129 Ind. App. 175, 185-186, 155 N. E. 2d 149, discussed the jurisdictional aspect of §1 [§54-443, *supra*], in the following language:

"Thus, it appears the statute provides that any final decision, ruling or order of the Public Service Commission may be 'appealed' to the Appellate Court for errors of law. Strictly speaking, it is not an 'appeal,' but it is a judicial review by the Appellate Court, which is the court of exclusive original jurisdic-

tion. (See, §1, 54-443, Burns', *supra*.) 'It is correct to say that the orders of an administrative body are subject to judicial review, and they must be so to meet the requirements of due process. Such review is necessary to the end that there may be an adjudication by a court of competent jurisdiction that the agency has acted within the scope of its powers, . . . and that its deterministion comports with the law applicable to the facts found.' *Warren* v. *Indiana Telephone Co., supra,* at p. 105." [217 Ind. 93, 26 N. E. 2d 399, 404.]

Additionally, §7 [§54-449, Burns', *supra*] provides that:

"The Appellate or Supreme Court, as the case may be, shall also have jurisdiction, upon application of the commission or any party, to order or enjoin temporarily or permanently the enforcement of any determination, ruling or order of the commission made in the cause."

However, in support of his position, respondent asserts although the Appellate Court acquired jurisdiction to issue injunctions by the 1957 Act, *supra,* said act does not deprive the respondent of the power to grant injunctions and therefore that the Marion Circuit Court continues to have both inherent and statutory power to grant injunctions for the protection of property rights. In support of this position, respondent cites the cases of *Vandalia R. Co.* v. *Schnull* (1919), 188 Ind. 87, 122 N. E. 225; *Department of Treasury* v. *Ridgely, Executrix* (1936), 211 Ind. 9, 4 N. E. 2d 557; *State ex rel. Nicely* v. *Wildey et al.* (1935), 209 Ind. 1, 197 N. E. 844, and *Evans* v. *International Typographical Union,* 76 F. Supp. 881 (S. D. Ind. 1948).

However, each of the above cited cases is distinguishable from the facts in the case at bar. Here

the statute, as amended, covered the total area regarding the procedure that should be followed with respect to the proceedings of the Public Service Commission. The statute not only made provision regarding the proceedings before said body; it also made provision regarding proceedings for the judicial review of the actions of said body, whether such review was in the nature of an appeal or a proceedings in equity to enjoin the action of the Commission. In either of the latter instances the statute provided that the relief should be in the Appellate Court of the State of Indiana.

It is true that the statute does not specifically negative the pre-existing right of the respondent to grant injunctive relief with respect to the action of the Public Service Commission; however, where as here, the statute purports to cover the whole area of procedure as related to an administrative body created by statute such as the Public Service Commission, it is contemplated that such procedure shall be exclusively followed unless otherwise provided. Upon this issue this court has stated:

"This court has held that the inherent right to a review of an order of an administrative board or commission is not statutory, but a right under the Indiana Constitution. *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399; *Joseph E. Seagram & Sons* v. *Board of Com'rs., etc.* (1943), 220 Ind. 604, 45 N. E. 2d 491. However, where the statute provides the remedy of a review, and the procedure to be followed, the procedure must be complied with. . . . A failure to comply with the statute is jurisdictional, and therefore the trial court did not have jurisdiction of the parties or the particular case." *Ballman* v. *Duffecy* (1952), 230 Ind. 220, 229, 102 N. E. 2d 646. See also: *Eggers*

v. *Morr* (1955), 162 Ohio St. 521, 124 N. E. 2d 115; *Algonquin Gas Transmission Co.* v. *Federal Power Com'n,* 201 F. 2d 334 (1st Cir. 1953).

For the reasons above stated the Appellate Court, and not the Marion Circuit Court, had exclusive jurisdiction over proceedings in injunction against the Public Service Commission.

Secondly, and in addition to the reasons above stated, the respondent court is without jurisdiction to consider the subject matter of this particular case for the further reason that the parties had previously submitted the same issue to the Appellate Court for judicial determination and had there received a final decision upon the issue. The identical subject matter having been previously presented, considered and adjudicated by a court of competent jurisdiction, that court retained jurisdiction of the subject matter to the exclusion of all other courts. *State* v. *Bridwell* (1960), 241 Ind. 135, 170 N. E. 2d 233; *State ex rel. McClure etc.* v. *Marion Sup. Ct. etc.* (1959), 239 Ind. 472, 158 N. E. 2d 264; *State ex rel. St. Bk. of Greentown* v. *Howard C. C.* (1958), 238 Ind. 448, 151 N. E. 2d 515.

For the reasons hereinbefore stated, the writ of prohibition and alternative writ of mandate heretofore issued is made permanent.

Landis, C. J., Arterburn, Bobbitt, and Jackson, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 397.