INDIANAPOLIS POWER & LIGHT COMPANY *v.* HIGHLAND REALTY, INC., D/B/A TRAILER CITY ET AL.

[No. 569S108. Filed March 23, 1970. Rehearing denied April 15, 1970.]

*Ralph W. Husted, Marcus E. Woods,* Indianapolis, *Jerry P. Belknap, Jon D. Noland,* Indianapolis, and *Barnes, Hickam, Pantzer & Boyd,* of counsel, Indianapolis, for appellant.

*Arthur H. Gemmer,* Indianapolis, for appellee, Highland Realty Inc., et al.

* This case was assigned to the writer of this opinion on February 16, 1970.

*Philip L. Bayt, Richard P. Stein, C. Patrick Clancy,* as Constituent Members of and Constituting the Public Service Commission of Indiana; *Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy Attorney General, for appellee, Public Service Commission of Indiana.

HUNTER, C.J.—This is an appeal from an interlocutory order of the Marion Circuit Court, granting a temporary injunction to enjoin appellant, Indianapolis Power & Light Company from enforcing or taking any action pursuant to the terms of an allegedly void administrative order entered by the Public Service Commission of Indiana on April 19, 1968. Appellees, owners and operators of certain duly licensed trailer parks in Indianapolis, brought suit to prevent the appellant Indianapolis Power and Light Company, acting pursuant to said order, from discontinuing electric service to appellees' trailer parks, alleging that such discontinuation of power would cause immediate and irreparable injury to appellees.

The order complained of was issued by the Public Service Commission in PSCI Cause No. 31230, and was based on a complaint filed by the Indianapolis Power & Light Co. against appellees, in accordance with Ind. Ann. Stat. § 54-415 (1969 Supp.) which reads in part as follows:

> "Complaint by public utility.—Any public utility may make complaint as to any matter affecting its own rates or service . . ."

The amended petition filed by appellant contains the following paragraphs which are pertinent to this appeal:

> "... '2.6 *Resale of Energy.*
>  a) The electrical energy furnished under the contract is for the sole use of the Customer. Excepting energy delivered to other public utilities for resale in territory not served by Indianapolis Power & Light Company, no energy will be resold by the Customer upon a measured basis, except in cases of a temporary nature where it is impractical or inexpedient for the Company to install meters to determine the consump-

tion by the ultimate consumer; and then only upon written permission obtained from the Company stating the specific use and period of use covered in each request.'

Said tariff provisions are required by the public policy of the State of Indiana to prevent any authorization or encouragement to the rendition of electric utility service by persons not authorized to act as a public utility under the laws of the state.

7. Pursuant to the directions of this Commission, Petitioner has investigated the question of compliance with the foregoing tariff provisions against resale of energy by owners or operators of mobile homes or trailer courts, and in cases where it appeared that such owners or operators were in fact reselling electric energy to mobile home owners, Petitioner has taken action to get such owners or operators to change their operating practices to eliminate such resales.

8. In connection with such investigation, Petitioner finds that each of the mobile home or trailer courts operated by Respondents, respectively, is furnished electric service by Petitioner through a master meter in whole or in part from which electricity is then furnished to individual mobile home owners located on the courts. Petitioner is informed and believes that each of the Respondents is in fact handling such distribution of electric service to individual mobile home owners in a way that would constitute the resale of such electric energy, but the exact details of the method of distribution used are not definitely known and on the limited information available to Petitioner, it cannot effectively enforce such restrictions by the conventional service discontinuance process without subjecting itself to a serious possibility of liability in damages.

9. It is a matter of serious importance to Petitioner and the public served by it that the applicability of such tariff restrictions in the case of mobile homes or trailer court customers—of which Petitioner has fifty-four such customers—be definitively established and clarified by this Commission so that all such customers of Petitioner can be served upon a uniform and non-discriminatory basis.

10. If respondents are found to be reselling electric energy as herein alleged, they are acting as public utilities without any authorization therefor and without regulatory supervision by the Commission as required by law.

11. Petitioner considers that Sections 57, 61 and 64 of the Public Service Commission Act (Burns' Ind. Stat. §§ 54-408, 54-412 and 54-415) are applicable to the matters set forth herein.

.... WHEREFORE, Petitioner, Indianapolis Power & Light Company prays that the Commission institute and conduct an investigation to determine whether Respondents or any of them (1) is violating Petitioner's tariff restrictions against resale of purchased electric energy and (2) is rendering a public utility service by reselling electric energy to individual mobile home owners without lawful authority therefor and without complying with the requirements of law applicable to such utility service and to enter such order or orders thereon as may be necessary or proper in the premises.

INDIANAPOLIS POWER & LIGHT COMPANY
By /s/ O. T. Fitzwater
President"

Hearing before the Public Service Commission was held on the merits of the petition on March 6, 1968. Appellees herein appeared specially at that hearing arguing by plea in abatement that the Commission lacked jurisdiction over both the subject matter and over appellees. Notwithstanding said objections the Public Service Commission entered an order on April 19, 1968, which determined that:

(1) The commission had jurisdiction over the parties;
(2) The commission had jurisdiction over the general subject matter;
(3) The appellees were reselling electric energy in violation of the Indianapolis Power & Light Company's tariff restrictions;
(4) The appellees should be and were ordered to execute written affidavits and to cease such resales within a specific period; and
(5) If this was not done, then IPALCO was ordered to discontinue service to appellees.

It is from this order that appellees filed suit for injunctive relief in the Marion Circuit Court. The only assigned error presented in this appeal by appellant is that the trial court

erred in entering a temporary injunction restraining and forbidding the enforcement of the PSC's order. We believe that the trial court was in error in assuming jurisdiction over this cause and that its order pursuant thereto should be dissolved.

We shall assume arguendo for the purposes of this appeal that appellees would suffer immediate and irreparable injury from the discontinuance of electric power by appellants. We shall further assume that no harm would result to appellant public utility by requiring it to continue to supply electric service to appellees, and that in any event the posted bond would be sufficient to reimburse it for any damages or costs occasioned by the granting of a temporary injunction. In short we shall assume that appellees were entitled to equitable relief to preserve the status quo until such time as a judicial review could be had on the merits.

Relief from the adverse effects of Public Service Commission orders is expressly provided for by statute at Ind. Ann. Stat. § 54-443 (1969 Supp.) :

"Appeal to Appellate Court from final decision, ruling or order of commission—Transfer to Supreme Court—Assignment of errors.—Any person, firm, association, corporation, city, town or public utility adversely affected by any final decision, ruling, or order of the public service commission of Indiana, may, within thirty [30] days from the date of entry of such decision, ruling, or order, appeal to the Appellate Court of Indiana for errors of law under the same terms and conditions as govern appeals in ordinary civil actions, except as otherwise herein provided, and with the right in the losing party or parties in the Appellate Court to apply to the Supreme Court for a petition to transfer the cause to said Supreme Court as in other cases. An assignment of errors that the decision, ruling or order of the commission is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the decision, ruling or order, and the sufficiency of the evidence to sustain the finding of facts upon which it was rendered."

In a unaminous decision in the case of *State ex rel. Public Service Commission* v. *Marion Circuit Court* (1961), 242 Ind. 145, 177 N. E. 2d 397, this court held that the Appellate Court

and not the circuit court has exclusive jurisdiction over proceedings for an injunction against the enforcement of an order of the Public Service Commission. In that case the Chicago and Eastern Illinois Railroad Company filed a petition in the Marion Circuit Court to enjoin temporarily the enforcement of an order of the PSC which permanently suspended the petitioner's new rate schedule. Speaking for this court, Judge Achor recited the following language in his opinion:

". . . the Acts of 1957, ch. 189, §§ 1-11, p. 395 [§§ 54-443—54-453, Burns' 1961 Cum. Supp.] provided for a completely new and different procedure to be followed in the judicial review of the orders of the Public Service Commission. Because of the new and comprehensive character of this enactment it must be presumed that the legislature intended that the procedure therein provided for should be exclusive.

. . .

Here the statute, as amended, covered the total area regarding the procedure that should be followed with respect to the proceedings of the Public Service Commission. The statute not only made provision regarding the proceedings before said body; it also made provision regarding proceedings for the judicial review of the actions of said body, whether such review was in the nature of an appeal or a proceedings [sic] in equity to enjoin the action of the Commission. In either of the latter instances the statute provided that the relief should be in the Appellate Court of Indiana.

It is true that the statute does not specifically negative the pre-existing right of the respondent to grant injunctive relief with respect to the action of the Public Service Commission; however, where as here, the statute purports to cover the whole area of procedure as related to an administrative body created by statute such as the Public Service Commission, it is contemplated that such procedure shall be exclusively followed unless otherwise provided . . ." 177 N. E. 2nd at 398, 399.

The Court's conclusion that jurisdiction to grant injunctive relief in such cases rests exclusively in the Appellate Court is fully supported by a comparison of § 54-443, *supra*, with its predecessor, Acts of 1929, ch. 169, § 1. The latter statute expressly provided that an action may be commenced in the

circuit or superior court by the same parties and under the same circumstances as set forth in our present statute. The Indiana General Assembly, in enacting § 54-443, *supra,* and thereby reposing appellate jurisdiction for judicial review in the Appellate Court instead of the circuit or superior courts, must be presumed to have intended to do just that. It must have intended that the jurisdiction of the Appellate Court, the only court that can pass on the merits of an order from the PSC, should be comprehensive and exclusive. Anticipating that, as here, injunctive relief may be required in certain instances to prevent irreparable injury to a party aggrieved by such an order, the legislature made the following provision in § 54-449 (1969 Supp.) :

> "The Appellate or Supreme Court, as the case may be, shall also have jurisdiction upon application of the commission or any party, to order or enjoin temporarily or permanently the enforcement of any determination, ruling or order of the commission made in the cause . . ."

Thus it is clear that where a party is adversely affected by an order of the Public Service Commission, such party may challenge such order by applying for either legal or equitable relief or both. However it seems equally clear that any and all such relief must perforce be sought from the Appellate Court which under our statutes is deemed to have exclusive original appellate jurisdiction for judicial review in such matters.

Accordingly, this cause is hereby remanded to the Marion Circuit Court with orders to dissolve forthwith its order of April 10, 1969, granting a temporary injunction in this cause and to dismiss said cause for lack of jurisdiction. Appellees are hereby granted leave to file an appeal in accordance with § 54-443, *supra,* within thirty (30) days of the date of the filing of this opinion. Appellees' motion to affirm the interlocutory order of the Marion Circuit Court is hereby denied.

All of which is ordered this 23rd day of March, 1970.

Arterburn, DeBruler and Jackson, JJ., concur; Givan, J., not participating.

NOTE.—Reported in 256 N. E. 2d 394.