WALTER W. SMITH *v.* REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, WILLIAM H. SKINNER, JAMES M. ORGAN, AND NORMAN K. KASSENBROCK (NOT PARTICIPATING), AS MEMBERS OF AND CONSTITUTING THE REVIEW BOARD OF THE INDIANA EMPLOYMENT SECURITY DIVISION, AND INDIANA BELL TELEPHONE COMPANY, INC.

[No. 2-1173A241. Filed January 31, 1974.]

*John D. Raikos, Raikos, Melangton, Dougherty & Christ,* of Indianapolis, for appellant.

*Howard L. Folley,* of Indianapolis, attorney for appellee Indiana Bell Telephone Company, Inc., *Theodore L. Sendak,* Attorney General, *Robert Dwyer,* Deputy Attorney General, attorneys for appellee Review Board of the Indiana Employment Security Division.

PER CURIAM.—This cause is pending before the Court on the Motion of the appellee Review Board of the Indiana Employment Security Division to dismiss this cause for lack of jurisdiction. Specifically, appellee alleges that appellant's Notice of Intention to Appeal was not received and filed with the Review Board within the time required by statute, and that the appellee Indiana Bell Telephone Company, Inc., failed

to file a Notice of Intention to Appeal, thus depriving this Court of jurisdiction of both the appellant's appeal and the appellee's attempted cross appeal.

We have examined the record of the proceedings herein, and based upon that examination we find that the allegations of the Motion to Dismiss are true and this cause should be dismissed.

The record reveals that the decision of the Review Board was mailed on September 19, 1973. The Board found and held that there was ample evidence to sustain a discharge for just cause in connection with claimant's work, affirmed the decision of the referee and imposed the statutory penalty of Chapter 15-1 of the Act. The statute providing for an appeal from the Review Board to this Court, § 52-1542j, Ind. Ann. Stat. (Burns 1964 Repl.) provides as follows:

"Any decision of the review board, in the absence of appeal therefrom as herein provided, shall become final fifteen [15] days after the date such decision is mailed to the interested parties. Provided, however, That if the board or the director or any party adversely affected by such decision files with the review board, at any time prior to the expiration of fifteen [15] days from the date of mailing of such decision, a notice of an intention to appeal from such decision, such action shall stay all further proceedings under or by virtue of such review board decision for a period of thirty [30] days from the date of the filing of such notice, and, if such appeal is perfected, further proceedings shall be further stayed, pending the final determination of said appeal; Provided, further, That if an appeal from such decision of the review board is not perfected within the time provided for by this act [§ 52-1563b], no action or proceeding shall be further stayed."

Fifteen days from September 19, expired on October 4, 1973 which date was not a Saturday, Sunday or legal holiday.

On October 5, 1973, claimant's Notice of Appeal was received by the Review Board. The appellee contends that the notice of appeal must be received by the Review Board within the mandatory 15 days. Appellant contends that the Notice to Appeal was timely filed by mailing on October 1, 1973. Appel-

lant further contends that the Indiana Rules of Civil Procedure apply, and he refers us to Rule TR. 5(B)(2) which pertains to *service* by mail. (Not *filing* by mail, which is found at Rule TR. 5(E)(2)).[1]

Our Supreme Court held in the case of *Clary* v. *National Friction Products Inc.* (1972), 259 Ind. 581, 290 N.E.2d 53 that the rules of trial procedure are not applicable to proceedings before administrative agencies. Specifically the Court stated:

> "Trial Rule 1 provides that the rules govern 'the procedure and practice in all courts of the state of Indiana * * *' Nothing in the rules purports to extend them to administrative boards from whom appeals to the courts may be had."
>
> * * *
>
> "Each of the several administrative agencies is a creature of the Legislature. The procedures to be followed in presenting matters to these agencies and in appeals therefrom are specifically set out in the statutes pertaining to each. The rules of trial procedure, which, as stated in Trial Rule 1, govern the procedure and practice in all courts of the state of Indiana are not applicable to proceedings before the administrative agencies nor to the proceedings requisite to invoking the jurisdiction of reviewing judicial authority." (290 N.E.2d 53 at p. 55.)

In the case of *Teepe* v. *Review Board, etc.* (1964), 136 Ind. App. 331, 334, 200 N.E.2d 538, Justice Hunter speaking for the Appellate Court stated:

> "The Supreme Court of Indiana has held that where a statute provides the remedy for review of a decision of an administrative board and a proceeding to be followed, the procedure must be followed as a condition precedent to the acquiring of jurisdiction. In *Ballman* v. *Duffecy* (1952), 230 Ind. 220, at p. 229, 102 N.E.2d 646, we find the following quote: '. . . where the statute provides the remedy of a review, and the procedure

---

1. We would point out in passing, that filing by mail as provided by TR. 5(E)(2) requires that the papers be mailed by registered or certified mail, return receipt requested. The envelope in which claimant's Notice of Appeal was mailed is contained in the record, and it bears only one eight cent stamp, evidencing ordinary mailing as opposed to registered or certified mailing.

to be followed, the procedure must be complied with . . . A failure to comply with the statute is jurisdictional, and therefore the trial court did not have jurisdiction of the parties or the particular case.' This rule is sustained further by our Supreme Court in the case of State ex rel. Public Serv. Comm. v. Marion C.C. (1961), 242 Ind. 145 at p. 150, 177 N.E.2d 397.

"It has also further held that where a statute providing for judicial review of an administrative order or decision contains a requirement that notice of intention to appeal shall be filed within a certain time with a specific person, that strict compliance with the requirement is a condition to the acquiring of jurisdiction by the court of judicial review, and a noncompliance with the requirement is grounds for dismissal of the appeal."

We find no provision in the Act providing for the filing of the Notice of Intention to Appeal to be accomplished by the deposit of the notice in the mail. We therefore conclude that the words "files with the Review Board" means that the Notice must be placed in the custody of the review board at any time prior to the expiration of fifteen days from the mailing of the decision. This can be accomplished by mailing of course, provided the mailing is sufficiently prompt that it reaches the review board within the fifteen days. In this case the appellant did not mail his notice of intent to appeal in sufficient time to reach the Board within 15 days after the Board's decision was mailed. Thus there was a fatal noncompliance with the statute and appellant's attempted appeal must be dismissed.

Turning now to the matter of the attempted cross appeal of the appellee Indiana Bell Telephone Company, Incorporated, (hereinafter Bell) the appellee Review Board alleges Bell failed to file a Notice of Intention to Appeal and therefore failed to initiate any appeal in its own behalf. Bell responds that it filed a Notice of Intention to Assign Cross Errors, and contends that such notice "meets the jurisdictional challenge asserted by the Review Board." Bell's Notice reads as follows:

"This is to notify you that the employer-respondent Indiana Bell Telephone Company, Incorporated, intends to as-

sign cross-error in any appeal that may be taken in the above referenced matter, appealing from the decision that the claimant is not barred from benefits for gross misconduct under Chapter 15-6 of the Act."

We agree with the Review Board that this is not a notice of intent to appeal. It appears to be merely a notice of wishing to participate in the event someone else decides to appeal. In fact, this notice could be construed as an affirmation of the Board's decision unless someone else did appeal. If Bell felt sufficiently aggrieved by the Board's decision concerning the penalty imposed that it wished to appeal that decision, it could have filed its notice of intent to appeal and thus initiated an appeal. Bell's Notice of Intent to Assign Cross Errors does not fill that office.

Since neither the appellant nor the appellee Bell timely filed a notice of intent to appeal the Review Board's decision, this Court has no jurisdiction of this appeal and the same must be dismissed.

The Motion to Dismiss is sustained and this cause is dismissed.

NOTE.—Reported at 306 N.E.2d 140.