INDIANA & MICHIGAN ELECTRIC COMPANY, Indiana Statewide Association of Rural Electric Cooperatives, Inc., Indianapolis Power & Light Company, Northern Indiana Public Service Company, Public Service Company of Indiana, Inc., and Southern Indiana Gas and Electric Company, Appellants,

v.

PUBLIC SERVICE COMMISSION of the State of Indiana, Office of the Utility Consumer Counselor, Daniel P. Coyle, Tanglewood Ent., Graham A. Richard, A.E. Staley Mfg. Co., Naturalized Energy Systems, Indiana Gas Co., Inc., Tom Gabhart d/b/a Cogen, Inc., Osborne Drilling, Inc., Bethlehem Steel Company, Kaiser Aluminum & Chemical Corp., Karen Mitchner d/b/a B–K Associates, David E. Warpenburg, Indiana Municipal Power Agency, Cogeneration Systems, Inc., Eli Lilly and Company, F.D. McCrary, Marjorie I. Cullison d/b/a C. & C. Enterprises, Air Dynamics, AES Wind Turbins, Franklin Supply, Nancy C. Day, H & K Enterprises, Geupal DeMars, Inc., City of Richmond d/b/a Richmond Power & Light, Logansport Municipal Electric Dept., City of Fort Wayne, City of South Bend, Amoco Oil Co. and Hydro Consultant, Appellees.

No. 2–1284–A–390.

Court of Appeals of Indiana, Second District.

May 7, 1986.

Opinion on Denial of Rehearing July 29, 1986.

Jerry P. Belknap, Richard E. Deer, Barnes & Thornburg, Indianapolis, for appellants Indiana & Michigan Elec. Co., Indiana Statewide Ass'n of Rural Elec. Cooperatives, Inc., Indianapolis Power & Light Co., Northern Indiana Public Service Co., Public Service Co. of Indiana, Inc., and Southern Indiana Gas and Elec. Co.; Ronald E. Prater, Indiana & Michigan Elec. Co., Fort Wayne, David S. Richey, Parr, Richey, Obremskey & Morton, Indiana Statewide Ass'n of Rural Elec. Cooperatives, Inc., Lebanon, Marcus E. Woods, Indianapolis Power & Light Co., Indianapolis, Frederick F. Eichhorn, Jr., Eichhorn, Eichhorn & Link, Northern Indiana Public Service Co., Hammond, Duejean C. Garrett, Public Service Co. of Indiana, Inc., Plainfield, George A. Porch, Bamberger, Foreman, Oswald & Hahn, Southern Indiana Gas and Elec. Co., Evansville, of counsel.

Linley E. Pearson, Robert K. Johnson, Office of Atty. Gen., Indianapolis, for Public Service Comn.

Jan E. Helbert, Deputy Utility Consumer Counselor, Indianapolis, for Office of Utility Consumer Counselor.

Robert L. Hartley, Martin, Wade, Hartley & Hollingsworth, Indianapolis, Glenn Berger, Skadden, Arps, Slate and Meagher, Washington, D.C., for Bethlehem Steel Co.

Michael J. Huston, Baker & Daniels, Indianapolis, for Eli Lilly and Co.

James McClarnon, Smith, Morgan & Ryan, Indianapolis, for Indiana Mun. Power Agency.

Robert Thompson, Fort Wayne, for City of Fort Wayne.

Eugenia S. Schwarts, City Attorney's Office, South Bend, for City of South Bend.

Stan B. Hirsch, Haymaker, Hirsch & Fink, Indianapolis, for City of Richmond, Indiana d/b/a Richmond Power & Light Logansport Mun. Elec. Dept.

Vern Partenheimer, Hall, Partenheimer & Kinkle, Princeton, for F.D. McCrary.

W. Paul Helmke, Jr., Fort Wayne, for Cogeneration Systems, Inc.

## OPINION UPON MOTION TO DISMISS

### SULLIVAN, Judge.

Appellants, Indiana & Michigan Electric Company, Indiana Statewide Association of Rural Electric Cooperatives, Inc., Indianapolis Power & Light Co., Northern Indiana Public Service Co., Public Service Company of Indiana, Inc., and Southern Indiana Gas & Electric Co., [collectively the "Electric Utilities"] seek to appeal the Public Service Commission's (the "Commission") refusal to stay and suspend enforcement of its rules and order adopting the rules issued on October 5, 1984. Also challenged is the Commission's order of December 6, 1984, amending the rules to clarify a reference to the National Electrical Safety Code.

The Commission denied the Electric Utilities' petition to stay enforcement of the rules upon grounds that it was not statutorily empowered to issue a stay, and that substantive grounds did not exist to justify issuing a stay.

Electric Utilities petitioned this court to grant the stay pending disposition of the appeal.[1] Electric Utilities also dispute the accuracy of the Commission's remarks concerning the rule requirements and whether they constitute an undue burden upon Electric Utilities. The appellees, the Commission, Office of Utility Consumer Counselor, and Bethlehem Steel Company, have jointly moved to dismiss the appeal contending that this court lacks subject matter jurisdiction.

Electric Utilities contend that they are parties adversely affected by the Commission's orders and therefore are seeking a stay of the two separate orders issued by the Commission on October 5, and December 6, 1984. The Commission asserts, however, that the mere designation of the two documents as "orders" is not sufficient to trigger the review provisions of I.C. 8-1-3-7,[2] because the Electric Utilities' challenge is to the rule-making itself, a matter which is not directly reviewable.

▇▇ Quite clearly, the Commission is empowered to act in distinct capacities. When the Commission acts pursuant to its regulatory authority, its actions impacting upon particular parties or issues are directly reviewable by this court pursuant to I.C. 8-1-3-7. *See Indianapolis Power & Light Co. v. Highland Realty, Inc.* (1970) 253 Ind. 637, 256 N.E.2d 394; *Haste v. Indianapolis Power & Light Co.* (1978) 4th Dist., 178 Ind.App. 394, 382 N.E.2d 989. Such actions are in the nature of adjudications and must perforce rest upon factual determinations, the results of which are amenable to judicial review. *See Kentucky-Indiana Municipal Power Association v. Public Service Co. of Indiana* (1979) 3d Dist., 181 Ind.App. 639, 393 N.E.2d 776.

▇▇ Indiana Code 8-1-3-7, upon which Electric Utilities place much reliance, does not purport to vest this court with jurisdiction to review any and all Commission action which may be accompanied by an "order." That statutory section provides in part:

"Powers of court on appeal—Additional evidence taken by commission—Injunctions.—Upon determination of the appeal, the court shall have jurisdiction to affirm or set aside such decision, ruling or order of the commission, in whole or in part, or remand the proceeding to the commission with instructions. No evi-

---

1. Electric Utilities' substantive grounds for appeal allege that I.C. 8-1-2.4-1 *et seq.* (Burns Code Ed.Repl.1982), and the Commission's rules pursuant to that act, are preempted by federal law, that the Commission exceeded its authority, and that the act and rules are unconstitutional under Indiana law.

2. Burns Code Ed.Repl.1982.

dence beyond that contained in the record of the proceedings before the commission shall be considered or received by the court, except that in cases where issues of confiscation or of constitutional right are involved, the court, on its own motion or verified petition of a party, may order such additional evidence as it deems necessary for the determination of such issues to be taken before the commission and to be received at the hearing before the commission in such manner and upon such terms and conditions as the court shall order[.]

\* \* \* \* \* \*

The Appellate [Court of Appeals] or Supreme Court, as the case may be, shall also have jurisdiction, upon application of the commission or any party, to order or enjoin temporarily or permanently the enforcement of any determination, ruling or order of the commission made in the cause."

A close reading of the statute discloses that review pursuant to I.C. 8–1–3–7 is appropriate only when the action complained of involves decisions, rulings or orders which are rendered pursuant to the Commission's resolution of factually oriented issues but does not include rule-making. The distinction between the rule-making and the adjudicatory process was set forth in *Blinzinger v. Americana Healthcare Corp.* (1984) 2d Dist. Ind.App., 466 N.E.2d 1371, 1375:

"The rulemaking function is distinguished from the adjudicatory function in that the former embraces an element of generality, operating upon a class of individuals or situations whereas an adjudication operates upon a particular individual or circumstance. In addition, the

exercise of administrative rulemaking power looks to the future, whereas an adjudication operates retrospectively upon events which occurred in the past. *Beacon National Life Insurance Co. v. Texas State Board of Insurance* (1979) Tex.Civ.App., 582 S.W.2d 616. *Strumsky v. San Diego Employees Retirement Association* (1974) 11 Cal.3d 28, 112 Cal. Rptr. 805, 520 P.2d 29."

■ The orders at issue herein are not within the purview of I.C. 8–1–3–7 as they do not relate to particular individuals or circumstances. The orders are nothing more than superfluous pronouncements which the Commission included in the rule-making process.

In its October order, the Commission addressed matters raised in Electric Utilities' motion to dismiss which challenged the Commission's authority to promulgate the rules under consideration at that time.[3] The Commission examined and discussed each point raised by the motion to dismiss, denied the motion upon each point, and inserted a concluding statement approving and adopting the proposed rules concerning alternate energy production, cogeneration, small hydro and small power production facilities. The order of December 6, 1984, was a *nunc pro tunc* entry which merely supplemented a reference to the National Electric Safety Code.

The rules themselves operate upon electric utilities and upon qualifying facilities[4] as a class. The rules operate prospectively as they purport to establish the conditions and formulae for rates for interconnection of cogenerators and alternate energy producers. Quite clearly, designation of a doc-

---

3. The record indicates that the proposed rules were filed with the Secretary of State on March 7, 1985, with a projected effective date in accordance with I.C. 4–22–2–35 (Burns Code Ed. Supp.1985). Indiana Code 4–22–2–36 provides in part that "A rule that has been accepted for filing under section 35 [4–22–3–35] of this chapter takes effect ... thirty (30) days from the date and time that the rule was accepted for filing under section 35 of this chapter." The text of the proposed rules, 170 IAC 4–4.1–1 *et*

*seq.*, can be found at Indiana Register, Vol. 7, No. 7, p. 1562 (1984).

4. " 'Qualifying facility' means a cogeneration or alternate energy production facility of eighty megawatts capacity or less which is owned not more than fifty percent (50%) in equity interest by a person primarily engaged in the generation or retail sale of electricity, gas, or thermal energy other than as described in 170 IAC 4–4.1." 170 IAC 4–4.1–1.

ument as an "order" did not change the underlying character of the Commission's action, i.e., rule-making, which is governed by the provisions of I.C. 4–22–2–1 *et seq.* concerning administrative rules and regulations. *Blinzinger v. Americana Healthcare Corp., supra,* 466 N.E.2d 1371. We conclude therefore that the "orders" challenged by the Electric Utilities are not orders within the meaning of I.C. 8–1–3–7 and are insufficient of themselves to bootstrap an otherwise unreviewable action into this court. *See Indiana Alcoholic Beverage Commission v. McShane* (1976) 2d Dist., 170 Ind.App. 586, 354 N.E.2d 259.

■ The Indiana Administrative Rules and Regulations Act does not provide an avenue for direct judicial review of duly promulgated rules and regulations. *See Indiana Environmental Management Board v. Indiana-Kentucky Electric Corp.* (1979) 2d Dist., 181 Ind.App. 570, 393 N.E.2d 213 at 222 (Sullivan, J. concurring). *Cf., Blinzinger v. Americana Healthcare Corp., supra,* 466 N.E.2d 1371. This is not to say that duly promulgated rules may never be challenged, merely that a party who is dissatisfied by the promulgation of particular rules may not seek direct, judicial review of the Commission's exercise of its quasi-legislative function.

■ The Commission acted properly to the extent that it refused to declare portions of its own rule unconstitutional or preempted by federal law.[5] Because the Commission has no authority to issue declaratory rulings, there can be no appeal from its refusal to do so. *See Kentucky-Indiana Municipal Power Assoc. v. Public Service Commission, supra,* 393 N.E.2d 776.

For the reasons set forth, the motion to dismiss this appeal is granted without prejudice to Electric Utilities' right to seek relief in the appropriate forum.

The appeal is hereby dismissed.

BUCHANAN, C.J., and SHIELDS, J., concur.

5. We express no opinion with respect to the merits of Electric Utilities' preemption argument.