**INDIANA UTILITY REGULATORY COMMISSION, Appellant (Defendant Below),**

v.

**CITIZENS ACTION COALITION OF INDIANA, INC., City of Terre Haute, & Save the Valley, Inc., Appellees (Plaintiffs Below).**

No. 61A01–8811–CV–349.

Court of Appeals of Indiana, First District.

June 26, 1989.

Rehearing Denied Aug. 1, 1989.

Linley E. Pearson, Atty. Gen., Brenda Franklin Rodeheffer, Sr. Trial Counsel, Office of Atty. Gen., Indianapolis, for appellant.

Michael A. Mullett, Columbus, Max E. Goodwin, Mann, Chaney, Johnson, Goodwin & Williams, Terre Haute, for appellees.

ROBERTSON, Judge.

This is an appeal from a mandamus action commenced by the appellees, Citizens Action Coalition of Indiana, Inc., the city of Terre Haute, and Save the Valley, Inc. (collectively referred to as the Coalition), in the Parke Circuit Court. The issue we consider is whether the Parke Circuit Court had jurisdiction to issue an order directing the Indiana Utility Regulatory Commission (Commission) to hold a hearing on the Coalition's petition for a permanent reduction of rates for customers of Public Service Indiana (PSI). We conclude the Parke Circuit Court did not have jurisdiction to so order.

At the time the Coalition filed its petition for a permanent electric rate reduction with the Commission in October, 1987, the Commission and PSI were operating pursuant to an order of the Commission issued March 7, 1986 which established emergency rates for a four-year period ending December 31, 1989 and, among other things, directed PSI to file in 1989 for the establishment of permanent retail electric rates. Before any action had been taken by the Commission on the Coalition's petition, PSI requested a modification of the 1986 order setting emergency rates. The Commission added the appellees as intervenors to the proceedings brought by PSI, dismissed the proceedings brought by the Coalition, and directed its staff to investigate the reasonableness of PSI's rates and charges. The Coalition did not appeal the dismissal of its petition; neither did it refile its petition under the new cause number.

The matter proceeded to a prehearing conference at which the Commission determined it would engage in a bifurcated investigation, addressing first PSI's continued need for an emergency rate schedule, and then, subsequently, a permanent rate schedule. After eight days of hearings in which the Coalition fully participated, the Commission found it premature to begin a permanent rate investigation because circumstances warranting emergency action continued to exist. It ordered PSI to file for the establishment of permanent rates by April 1, 1989 and granted some rate relief. The Commission also specifically addressed those concerns raised by the Coalition in its petition. The Coalition appealed the June 1, 1988 order. That appeal is pending before this court under cause no. 93A02–8806–EX–239. What the Coalition

contests in this action for mandate is the Commission's determination that an investigation and hearing on a permanent rate schedule was unnecessary at that time.[1]

The Commission argues that this court enjoys exclusive original jurisdiction over proceedings emanating from orders of the Indiana Utility Regulatory Commission; therefore, the trial court was without subject matter jurisdiction to hear the Coalition's request for mandate. The Coalition attempts to avoid the impact of this rule first, by citing cases decided before the legislature provided a statutory avenue of review, and second, by arguing that IND. CODE 8-1-3-1 provides a remedy only when an aggrieved party seeks a review of the *merits* of a decision or ruling. According to the Coalition, an appeal to this court cannot remedy the Commission's refusal to conduct an evidentiary hearing on the allegations of its petition.

■ I.C. 8-1-3-1 provides for the judicial review of final decisions of the Indiana Utility Regulatory Commission by the Court of Appeals. Whether the review sought is in the nature of an appeal or a proceeding in equity for injunctive relief, the procedure established in I.C. 8-1-3-1 is the exclusive means of obtaining such review. *State ex rel. Public Service Commission v. Marion Circuit Court* (1961), 242 Ind. 145, 150, 177 N.E.2d 397; *Indianapolis Power & Light Co. v. Highland Realty* (1970), 253 Ind. 637, 256 N.E.2d 394, 398; *State ex rel. Indianapolis Water Co. v. Boone Circuit Court* (1974), 261 Ind. 583, 307 N.E.2d 870, 873; *Indiana Bell Telephone Co., Inc. v. Friedland* (1978), 175 Ind.App. 622, 373 N.E.2d 344, *trans. denied, cert. denied,* 440 U.S. 916, 99 S.Ct. 1233, 59 L.Ed.2d 465. As the Indiana Supreme Court noted in *Highland Realty, supra,* although the legislature did not specifically negate the pre-existing power of the trial courts to grant injunctive relief, the legislature intended the jurisdiction of the Court of Appeals, the only court authorized to pass on the merits of an order of

what is now the Indiana Utility Regulatory Commission, to be both comprehensive and exclusive, expressly granting the court the power to order or enjoin the enforcement of any determination, ruling or order of the Commission. *See* I.C. 8-1-3-7. A party may challenge an order by applying for legal or equitable relief but all relief must be sought from the Court of Appeals. 256 N.E.2d at 398.

■ The Coalition cites no precedent for its assertion that this court lacks the power to set aside a decision of the Commission which is contrary to law because rendered without the public hearing required by the legislature, if that issue is properly raised in an appeal and determined. I.C. 8-1-3-1 explicitly provides an "appeal to the Court of Appeals ... for errors of law under the same terms and conditions as govern appeals in ordinary civil actions ..." *See also, Public Service Commission v. City of Indianapolis* (1956), 235 Ind. 70, 131 N.E.2d 308 (judicial review involves consideration of whether order made in conformity with proper legal procedure) and *cf., State ex rel. Public Service Commission v. Boone Circuit Court* (1956), 236 Ind. 202, 138 N.E.2d 4 (decided before jurisdiction exclusively vested in Court of Appeals). A writ of mandamus may not be used as a substitute for an appeal when the remedy of an appeal is available. *State ex rel. Brueckner v. Jackson Circuit Court* (1967), 248 Ind. 377, 229 N.E.2d 465.

■ The trial court did not have jurisdiction to order a hearing on the Coalition's petition for a permanent rate schedule. This cause is therefore remanded to the Parke Circuit Court with instructions to vacate its order and dismiss the cause for want of jurisdiction.

CONOVER, P.J., and MILLER, J., concur.

---

1. The Appendix to the Commission's Reply Brief contains a certified copy of PSI's petition for approval of permanent rates filed with the Commission on March 31, 1989. However, since neither party has advised us by appropriate mo-

tion that the issues raised in this appeal have been rendered moot by the commencement of an investigation and hearings, we will proceed with an adjudication of the matter before us.