BUFFORD L. SISSOM *v.* COMMODORE CORPORATION OF INDIANA.

[No. 2-276A81. Filed June 29, 1976. Rehearing denied August 5, 1976. Transfer denied October 22, 1976.]

*Howard E. Petersen, Richard K. Muntz,* of LaGrange, for appellant.

*Edward N. Kalamaros, Edward N. Kalamaros & Assoc. Professional Corporation,* of South Bend, for appellee.

### STATEMENT OF THE CASE:

LOWDERMILK, J.—Appellant Bufford L. Sissom (Sissom) appeals from a judgment of the Full Industrial Board (Board) which in affirming the decision of a single hearing examiner found that his Form 14 "Application For Review on Account of Changed Conditions" was not filed within the limitation period found in IC 1971, 22-3-3-27 (Burns Code Ed.).

### FACTS:

On April 16, 1971, Sissom received an injury in the course of his employment with Commodore Corporation of Indiana (Commodore).

Pursuant to an agreement entered into between the parties which was approved by the Board, Sissom was to receive $57.00 per week beginning April 19, 1971, and continuing "until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Indiana." The record discloses the following chronology of events:

February 24, 1973—Commodore filed a Form 14 seeking to have Sissom's compensation payments reduced or terminated.

March 1, 1973—The Board caused notice of Commodore's Form 14 application to be sent to Sissom.

April 22, 1975—The Board gave notice to the parties that the hearing on Commodore's Form 14 application had been set for June 10, 1975.

May 27, 1975—Sissom filed a motion requesting the Board to require Commodore to furnish medical services and to pay medical bills.

June 3, 1975—Commodore filed a motion to dismiss its Form 14 application which was granted without notice or hearing afforded Sissom.

June 6, 1975—Sissom filed a Form 14 which was denied.

June 13, 1975—Sissom filed a Form 16 which sought review of the single hearing examiner's actions by the Full Board.

On January 29, 1976, the Board made the following findings and award:

". . . Section 45 of the Act [IC 1971, 22-3-3-27] provides the continuing power and jurisdiction of the Board over each case but further provides that 'nor shall any application therefor be filed by either party after the expiration of two years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, . . .' Plaintiff's Form 14 filed June 6, 1975 is not timely filed and same is hereby dismissed. Defendant's Form 14 heretofore filed February 24, 1973, being dismissed by the Industrial Board June 3, 1975, was proper. Plaintiff's proper procedure to envoke the jurisdiction and power of the Industrial Board is by the filing of a Form 9 within two years after the date of injury, or in the case of an award either upon hearing or by agreement, as in this case, is to file a Form 14 in accordance with the provisions of Section 45. This plaintiff has failed to do."

### ISSUES:

1. Was the decision of the Board in affirming the hearing examiner's dismissal of Sissom's Form 14 contrary to law?

2. Did the failure of the Board to permit Sissom to have his dispute under the compensation agreement settled by the Board violate his right to due process and equal protection?

### DISCUSSION AND DECISION:

Commodore argues that the Board correctly found Sissom's Form 14 was not timely because it has not made a compensation payment to Sissom since February 14, 1973. We disagree.

IC 1971, 22-3-3-27 (Burns Code Ed.) provides:

". . . The board shall not make any such modification upon its own motion, nor shall any application therefor be filed

by either party after the expiration of two [2] years *from the last day for which compensation was paid under the original award* made either by agreement or upon hearing, except that applications for increased permanent partial impairment are barred unless filed within one [1] year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award." (Our emphasis.)

The cases cited by counsel, and our research, discloses to us that the limitation period of the above statute begins to run from the last day specified in the compensation agreement of the parties or the compensation period fixed by the Board. *Wilson* v. *Betz Corporation* (1959), 130 Ind. App. 83, 159 N.E.2d 402 [60 weeks]; *Allen* v. *United Telephone Company, Inc.* (1976), 168 Ind. App. 696, 345 N.E. 2d 261 [67.5 weeks]. In the case at bar there is no definite compensation period fixed in the parties' agreement. The agreement provides only "that compensation will be paid until terminated in accordance with the provisions of the Workmen's Compensation Law of Indiana." It therefore becomes necessary for us to determine the steps necessary for terminating one's duty to make compensation payments under our Wokmen's Compensation Law.

Industrial Board Procedural Rule (IBPR) 32, Burns Adm. Rules and Reg. § 40-1518-2 provides:

"If an injured employee, or his dependents have been awarded compensation by the industrial board, either by approval of an agreement, or by an award upon a hearing, the employer shall continue the payments of compensation under the terms of such award or agreement for the specific period therein fixed, or until such employee returns to work, or the dependency ends, *or the employer shall have disagreed with the injured employee or the dependents as to the continuation of such compensation payments.*

"In such cases the employer or such employer's insurance carrier, shall file with the industrial board in duplicate, a memorandum prescribed by the industrial board showing payments made, the date of the employee's return to work, the date of cessation and reason for termination of the de-

pendency and any other fact or facts pertaining to the cessation of said payments of compensation." (Our emphasis.)

This Board Rule gave Commodore the power to stop making payments to Sissom. IC 1971, 22-3-4-2 (Burns Code Ed.) provides that:

"The board may make rules not inconsistent with this act . . . for carrying out the provisions hereof. . . ."

However, this court may not consider rules promulgated by the Board in a vacuum, but rather, must construe these rules in such a way that the underlying purposes of the Workmen's Compensation Act are accomplished. Also, the Board may not make rules and regulations inconsistent with the statute it is administering. It may not by its rules add to or detract from the law as it has been enacted. *Indiana Dept. of State Revenue, Indiana Revenue Board, Indiana Gross Income Tax Division* v. *Colpaert Realty Corp.* (1952), 231 Ind. 463, 109 N.E.2d 415, 422. Therefore, IBPR 32, *supra,* must be read in conjunction with IC 1971, 22-3-4-5 (Burns Code Ed.) which provides:

"If the employer and the injured employee or his dependents disagree in regard to the compensation payable under this act [22-3-2-1—22-3-6-3], or, if they have reached such an agreement, which has been signed by them, filed with and approved by the industrial board, and afterward disagree as to the continuance of payments under such agreement, or as to the period for which payments shall be made, or to the amount to be paid, because of a change in conditions since the making of such agreement, *either party may then make an application, to the industrial board, for the determination of the matters in dispute.*

"*Upon the filing of such application, the board shall set the date of hearing,* which shall be as early as practicable, and shall notify the parties, in the manner prescribed by the board, of the time and place of hearing. . . .

"*All disputes arising under this act if not settle by the agreement of the parties interested therein, with the approval of the board, shall be determined by the board.*" (Our emphasis.)

It can be seen from the above cited Board Rule and statute that under the terms of the "Compensation Agreement" exe-

cuted by the parties the proper method to terminate Workmen's Compensation payments when a dispute arises would be for the parties to settle their dispute by agreement, or to submit the matter to the Board for review. Since there has been no agreement between the parties in this case, the Board must decide that there was a change in conditions after the original agreement before Commodore's duty to make further payments can be said to have ended on February 14, 1973. Only then will the original agreement have been terminated pursuant to our Workmen's Compensation Law. Thus for the limitation period in IC 1971, 22-3-3-27 to have begun on February 14, 1973, the Board must find in a hearing that Commodore's duty to pay ceased on that date. Commodore's duty to pay continues under the original agreement until the hearing examiner resolves the dispute between the parties as provided for in IC 1971, 22-3-4-5, *supra,* although it had the power to stop making payments and to assume the risk that the hearing examiner would later resolve the controversy in its favor. IBPR 32, *supra.*

For us to construe the above statutes otherwise would lead to the unconscionable result of a party filing a Form 14 application, obtaining a hearing date and proceeding with pre-trial until the two year limitation period had expired; then dismissing his application, leaving his opponent remediless. Such a result would not be in keeping with the spirit of the Act, as found in *Frampton* v. *Central Indiana Gas Company* (1973), 260 Ind. 249, 297 N.E.2d 425, wherein Judge Hunter explained at pages 426-427 some of the purposes underlying our Workmen's Compensation Law:

> "Workmen's compensation acts are designed to afford injured workers 'an expeditious remedy both adequate and certain, and independent of any negligence on their part or on the part of the employer'. Prior to workmen's compensation, workers were faced with the harshness of the common law. The employee's only remedy was an action in tort against the employer—actions which were rarely successful. This lack of success is attributed to the common law defenses

of assumption of risk, contributory negligence and the fellow servant rule which were accorded inordinate deference.

"Workmen's compensation statutes are in derogation of the common law and provide, for those covered, an exclusive remedy for injuries sustained 'in the course of' and 'arising out of' one's employment. The basic policy behind such legislation is to shift the economic burden for employment connected injuries from the employee to the employer.

" 'One of the purposes of the Workmen's Compensation Act is to transfer from the worker to the industry in which he is employed and ultimately to the consuming public a greater portion of economic loss due to industrial accidents and injuries.' (authorities omitted)

\* \* \*

"Since the Act embraces such a fundamental, well-defined and well-established policy, strict employer adherence is required. . . ."

In construing the agreement of the parties and IC 1971, 22-3-3-27 and 22-3-4-5, *supra*, it is apparent that the Board has not determined through a hearing that Commodore's legal duty to pay has ended and it is therefore further apparent that the Board has not determined when if ever the limitation period has begun to run against Sissom. The Board's finding that Sissom's Form 14 was untimely filed and dismissing the same without a hearing was beyond the powers vested in the Board by statute. IC 1971, 22-3-4-5 (Burns Code Ed.), *supra*. The Board was without statutory authority to dismiss Sissom's Form 14 summarily.

We now hold the Board's decision was contrary to law.

Owing to our resolution of this issue, it is unnecessary to discuss Sissom's further assignments of error.

Reversed and remanded for further proceedings in accordance with this opinion.

Robertson, C.J., and Lybrook, J., concur.

NOTE.—Reported at 349 N.E.2d 724.