**Arthur OVERSHINER, Appellant (Plaintiff Below),**

v.

**INDIANA STATE HIGHWAY COMMIS-SION, Appellee (Defendant Below).**

No. 2–682A186.

Court of Appeals of Indiana, Third District.

May 26, 1983.

Rehearing Denied July 14, 1983.

Trent Thompson, Mead, Mead & Mead, Salem, for appellant.

Linley E. Pearson, Atty. Gen., Thomas Ralph Hamill, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

The Industrial Board (Board) found that Arthur Overshiner failed to invoke its jurisdiction because he requested a settlement hearing beyond the two year limitation period required in IC 1974, 22–3–3–27 (Burns Code Ed.). Overshiner raises the following issues for our review:

(1) Did Overshiner timely file his assignment of errors by including it in his timely filed record?

(2) Is Overshiner's claim automatically barred by the two year statute of limitations because he requested a Board decision approximately three and one half years after he received his last compensation payment?

■ Affirmed.[1]

I.

### Appellate Jurisdiction

On June 8, 1982, the Board rendered its decision against Overshiner. Pursuant to the Worker's Compensation Act, Overshiner had thirty days from June 8 to "appeal" any possible errors.[2] On June 24, 1982, Overshiner filed a petition for extension of time to file his record. The petition was granted and Overshiner was given until August 8, 1982 to file his record. Subsequently, Overshiner timely filed his record, which contained his assignment of errors, on August 5, 1982.

The Commission contends that this Court lacks jurisdiction over this matter because Overshiner failed to timely file his assignment of errors. It asserts that this appeal should be dismissed because Overshiner neither filed his assignment of errors within 30 days of the Board's award nor requested a specific extension of time to file it.

■ Conversely, Overshiner contends that because the assignment of errors is a required part of the record, his petition for an extension of time to file his record inherently included an extension of time to file his assignment of error. We agree with Overshiner.

■ Compliance with two prerequisites invokes the jurisdiction of this Court. IC 1974, 22–3–4–8 (Burns Code Ed.); *Clary v. National Friction Products, Inc.* (1972), 259 Ind. 581, 586, 290 N.E.2d 53, 56; *Slinkard v. Extruded Alloys* (1971), 150 Ind.App. 479, 484, 277 N.E.2d 176, 180. First, the record must include an assignment of errors. *Slinkard, supra,* 277 N.E.2d at 180. Second, the appellant's brief must include a discussion of the alleged errors. *Id.* Overshiner complied with both prerequisites and has therefore invoked this Court's jurisdiction.

The Commission contends, however, that Overshiner did not perfect his appeal pursuant to IC 1974, 22–3–4–8 (Burns Code Ed.). We disagree. IC 22–3–4–8 reads as follows:

"Appeals—Certification of questions of law.—An award of the board, by less than all of the members as provided in section 59 [22–3–4–6], if not reviewed as provided in section 60 [22–3–4–7], shall be final and conclusive.

"An award by the full board shall be conclusive and binding as to all questions of (the) fact, but either party to the dispute may within thirty [30] days from the date of such award appeal to the Appellate Court [Court of Appeals] for errors of law under the same terms and conditions as govern appeals in ordinary civil actions.

"The board, of its own motion, may certify questions of law to said Appellate Court [Court of Appeals] for its decision and determination.

"An assignment of errors that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts.

"All such appeals and certified questions of law shall be submitted upon the date filed in the Appellate Court [Court of Appeals], shall be advanced upon the docket of said court, and shall be determined at the earliest practicable date, without any extensions of time for filing briefs.

1. Overshiner also requests the Court to order the Board to award him attorney fees due to the Commission's bad faith by terminating his compensation without the Board's approval and without Overshiner's consent. There is no bad faith here because the Commission may terminate Overshiner's compensation and assume that the Board would rule in its favor. *Sissom v. Commodore Corporation* (1976), 169 Ind.App. 547, 552, 349 N.E.2d 724, 727–728.

2. IC 1974, 22–3–4–8 (Burns Code Ed.).

"An award of the full board affirmed on appeal, by the employer, shall be increased thereby five per cent [5%], and by order of the court may be increased ten per cent [10%]. [Acts 1929, ch. 172, § 61, p. 536.]" (Brackets original; parentheses original.)

This provision requires claimants to "appeal" the Board decision within 30 days. It also requires the filing of an assignment of errors. However, it does not require the filing of the assignment of errors to precede the filing of the record.

█ There is a fundamental difference between the purposes of an assignment of errors in Industrial Board cases and a TR. 59 motion to correct errors. The assignment of errors is intended to benefit this Court; its purpose is not to give the Board the first opportunity to correct errors. *Clary, supra* 290 N.E.2d at 55–56. Since the assignment of errors is solely for the benefit of this Court, we cannot review it until we have the record to reveal why the claimant believes the errors exist. For the above reasons, to "appeal" a Board decision pursuant to IC 22–3–4–8, the assignment of errors need not be filed before the record is filed. Consequently, an extension of time to file the record inherently includes an extension of time to file the assignment of errors. Overshiner timely filed his assignment of errors by including it in his timely filed record.

## II.

### Industrial Board Jurisdiction

█ The Court is bound by the Board's factual determinations, IC 1974, 22–3–4–8 (Burns Code Ed.); *Coachmen Industries, Inc. v. Yoder* (1981), Ind.App., 422 N.E.2d 384, 389. Without weighing the evidence, we will consider the evidence most favorable to the Board's decision. *Id.* Reversal occurs only if the evidence requires a different result. *Id.*

The facts most favorable to the Board's decision are as follows: On August 8, 1974, Overshiner injured his foot while working for the Commission. Pursuant to a Form 12 agreement, his worker's compensation payments began on January 14, 1975. The Commission stopped the payments on August 4, 1977.

Overshiner did not ask the Board for a settlement hearing until January 9, 1981, approximately three and one half years after his last payment. Because Overshiner did not ask for this hearing within the two year limitation period, the Commission moved to dismiss the request. The Board adopted the hearing member's grant of the Commission's motion; it found that it had no jurisdiction to hear Overshiner's claim:

"BE IT REMEMBERED, that pursuant to notice fixing the time and place therefor, the above cause was set for hearing before Richard J. Noel, Hearing Member of the Industrial Board of Indiana, on October 13, 1981, at 1:00 P.M., 601 State Office Building, 100 North Senate Avenue, Indianapolis, Indiana, on Plaintiff's Form 9 Application filed January 9, 1981.

"Plaintiff appeared by his attorney, TRENT THOMPSON; defendant appeared by its attorney, HARRY J. STEINMETZ.

"The Hearing Member having heard the arguments of counsel, having examined the entire file in said cause and being duly advised in the premises therein, now finds:

"That the defendant terminated temporary total disability benefits on August 4, 1977 and that said termination continued.

"It is further found that the statute of limitations is jurisdictional and not procedural.

"It is further found that no claim was filed with the Industrial Board within two (2) years of the date of the accident.

"It is further found that no claim was filed within two (2) years of the last date for which compensation was paid.

"It is further found that the Industrial Board is without jurisdiction to consider plaintiff's Form 9 Application filed January 9, 1980.

"Said Hearing Member now finds for the defendant and against the plaintiff on plaintiff's Form 9 Application filed January 9, 1980.

"AWARD

"IT IS, THEREFORE, CONSIDERED, ORDERED AND ADJUDGED by the Industrial Board of Indiana that the plaintiff shall take nothing by virtue of his Form 9 Application heretofore filed January 9, 1980."

■ The parties have stipulated that Overshiner was awarded temporary total disability pursuant to an agreement which did not specify when the payments would end. Overshiner contends that because the agreement did not specify when payments would end, the Commission can terminate the disability payments only as allowed by IC 1974, 22–3–4–5 (Burns Code Ed.).[3]

"22–3–4–5 [40–1509]. Failure to agree, notice of hearing—Place of hearing.—If the employer and the injured employee or his dependents disagree in regard to the compensation payable under this act [22–3–2–1—22–3–6–3], or, if they have reached such an agreement, which has been signed by them, filed with and approved by the industrial board, and afterward disagree as to the continuance of payments under such agreement, or as to the period for which payments shall be made, or to the amount to be paid, because of a change in conditions since the making of such agreement, either party may then make an application, to the industrial board, for the determination of the matters in dispute.

"Upon the filing of such application, the board shall set the date of hearing, which shall be as early as practicable, and shall notify the parties, in the manner prescribed by the board, of the time and place of hearing. The hearing of all claims for compensation, on account of

injuries occurring within the state, shall be held in the county in which the injury occurred, except when the parties consent to a hearing elsewhere. Provided however, That in disputes wherein the employer denies liability, or refuses, fails, or neglects to pay compensation during the period of employee's total temporary disability, such hearing may, upon written request by the injured employee, be set in the county wherein the injury occurred, or any adjoining county thereto wherein cases are to be set for hearing prior to the date of hearings in the county of injury.

"All disputes arising under this act if not settled by the agreement of the parties interested therein, with the approval of the board, shall be determined by the board. [Acts 1929, ch. 172, § 58, p. 536; 1959, ch. 360, § 1, p. 966.]"

This provision allows either Overshiner or the Commission to ask the Board to settle the dispute.

Overshiner alleges that the two year statute of limitations never started to run because the Commission did not comply with IC 22–3–4–5 by requesting a settlement. The Commission contends that the Statute of Limitations runs from the day Overshiner received his last payment under the original award. It alleges that the Board is without jurisdiction of Overshiner's claim because he failed to request settlement until three and one half years after he received his last payment.

■ The applicable statute of limitations reads as follows:

"22–3–3–27 [40–1410]. Change or modification of award—Limitation.—The power and jurisdiction of the industrial board over each case shall be continuing and from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or

---

**3.** Temporary total disability can also be terminated automatically by the lapse of maximum time allowed by statute. *Allen v. United Telephone Company, Inc.* (1976), 168 Ind.App. 696, 702, 345 N.E.2d 261, 265. Although the Commission asserts that Overshiner has received the maximum amount owed, we do not reach the question because our decision renders it inconsequential.

change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act [22–3–2–1—22–3–6–3].

"Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.

"The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of two [2] years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, except that applications for increased permanent partial impairment are barred unless filed within one [1] year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award. [Acts 1929, ch. 172, § 45, p. 536; 1947, ch. 162, § 12, p. 523; 1963, ch. 387, § 13, p. 1025]."

IC 1974, 22–3–3–27 (Burns Code Ed.). This provision bars the Board's jurisdiction from a request for settlement made more than two years after the claimant received his last payment. The parties stipulated that Overshiner received his last payment approximately three and one half years before a settlement was first requested. Under § 22–3–4–8 and § 22–3–3–27, Overshiner had the opportunity to ask the Board to settle the dispute within two years of receiving his last payment. He has not given any legally recognized justification for the three and one half year delay. Read in conjunction, these two provisions reveal that the limitation period had run before Overshiner requested a settlement. The Board was correct to find that it could not hear Overshiner's claim.

Affirmed.

HOFFMAN, P.J., concurs.

GARRARD, J., concurs in Part I and concurs in result in Part II.