**Brenda HOUCHINS, Appellant,**

v.

**J. PIERPONTS, Appellee.**

No. 2–584A134.

Court of Appeals of Indiana,
Third District.

Oct. 25, 1984.

Ross P. Walker, Indianapolis, for appellant.

Robert A. Fanning, Locke, Reynolds, Boyd & Weisell, Indianapolis, for appellee.

STATON, Presiding Judge.

Brenda Houchins was employed as a waitress at J. Pierpont's restaurant. Her responsibilities varied but on one particular day, they included cleaning out the refrigerator. After wiping out the bottom of the refrigerator, Brenda's left knee locked as she attempted to rise from a squatting position to a standing position. Unable to straighten her leg and to continue work, Brenda was eventually hospitalized and underwent surgery. She successfully applied to a single member of the Industrial Board (Board) for workmen's compensation under IC 1974, 22–3–2–2 (Burns Code Ed.). The full Board reversed the award. Brenda has appealed contending that suffering an injury while rising from a squatting position was an "accident" within the meaning of IC 1974, 22–3–2–2.

Affirmed.

■ This Court is bound by the Board's factual determinations. IC 1974, 22–3–4–8 (Burns Code Ed.); *Overshiner v. Indiana State Highway Comm'n* (1983), Ind.App., 448 N.E.2d 1245, 1247. Without weighing the evidence or judging the credibility of the witnesses we will consider the evidence most favorable to the Board's decision. *Id.* Reversal occurs only if the evidence requires a different result. *Id.*

The facts most favorable to the Board's decision follow: As a waitress at J. Pierpont's restaurant, Brenda's duties varied. On her fourth day of work, she was assigned to clean out the refrigerator. When she had finished wiping out the bottom of the refrigerator, she attempted to stand from a squatting position. Brenda could not straighten her left leg because her knee had locked. This occurred without any slipping, falling, or twisting of her foot. Brenda testified that she had not felt anything unusual in her knee prior to her attempt to stand from her squatting position. She admitted that she had a history of trouble with her knee locking one to two times a year since she had undergone sur-

gery as a child due to a childhood injury. In fact, in Brenda's deposition, she stated that when she squatted down or when she would practice gymnastics, she could expect her knee to lock up. Even though Brenda had always been able to unlock her knee by twisting it the right way, she was unable to do so on this particular occasion without the help of pain pills. The pain was so intense that surgery was required.

■ Brenda contends that rising from a squatting position is an "accident" within the meaning of IC 1974, 22–3–2–2 (Burns Code Ed.). We disagree.

Indiana courts have defined accident to be any unlooked for mishap or untoward event not expected or designed. *Haskell and Barker Car Co. v. Brown* (1917), 67 Ind.App. 178, 187, 117 N.E. 555, 557. In a fact situation similar to Brenda's this Court determined that no "accident" had occurred:

"There is no evidence that appellee Borton suffered any unusual strain or exertion or any untoward or unusual incident, of any kind which precipitated the back pains. On the contrary, there is evidence by appellee's medical doctor witness, Dr. Reed, that Borton had a constant traumatic condition and that some trivial act, such as walking about as a normal person, might cause the protrusion of the degenerated disc pressing on the nerve root.

In view of the fact that there is no conflict in the evidence concerning the performance of the act of bending over to lift the trap door when the pain occurred, and since there was nothing unexpected nor any unusual exertion connected with this incident, and with no conflict in the evidence that appellee's back had degenerated since his first injury to a point where pain and further damage might occur merely by the act of walking about "as a normal person, we are of the opinion that the evidence was insufficient to prove that the injury occurred because of any increase in his work load or of any extra exertion. We

are also of the opinion that there was a lack of any evidence to prove that the act of bending over to lift a trap door was anything so unusual to appellee's customary work as to cause an aggravation of a previously existing degenerated back.

Following the present thinking of the Supreme Court in view of its holding in [*United States Steel Corporation v. Dykes* (1958), 238 Ind. 599, 154 N.E.2d 111] it seems logical that the only conclusion which reasonable men could reach from the evidence in this case, with all inferences reasonably deductible therefrom, that the appellee did not suffer injury as a result of and in the course of his employment."

*City of Anderson v. Borton* (1961), 132 Ind.App. 684, 694–95, 178 N.E.2d 904, 909.

Like the claimant in *City of Anderson v. Borton, supra,* Brenda failed to show that she had suffered any unusual strain or exertion or any untoward or unusual incident of any kind which precipitated her knee to lock up. Although her doctor had stated that the act of squatting at J. Pierpont's restaurant caused Brenda's knee to lock up, the evidence indicates that such a result after squatting was not unexpected. As stated above in the facts, Brenda's childhood surgeons had told her that her knee would lock up. That is exactly what occurred when Brenda squatted or practiced gymnastics.

Because Brenda was aware that squatting could cause her knee to lock up and because her job did not require any unusual strain or exertion, the evidence was sufficient to sustain the Board's decision to deny benefits to Brenda. As in *City of Anderson, supra,* there was a lack of any evidence to prove that the act of squatting was anything so unusual to Brenda's lifestyle or work as to cause an aggravation of a preexisting problem knee. It is not sufficient to merely show that Brenda worked for J. Pierpont's restaurant during the period of her life in which her problem knee required surgery. *Calhoun v. Hillenb-*

*rand Industries, Inc.* (1978), 269 Ind. 507, 511, 381 N.E.2d 1242, 1244.

Affirmed.

GARRARD, J., concurs.

ROBERTSON, J. (by designation), concurs.