**R.W. ARMSTRONG CORPORATION,**
Appellant–Defendant,

v.

**Hershel W. MANHART,**
Appellee–Plaintiff.

No. 93A02–9101–EX–39.

Court of Appeals of Indiana,
Third District.

Feb. 18, 1992.

Mark D. Gerth, Kightlinger & Gray, Indianapolis, for appellant-defendant.

Christopher D. Seigel, Indianapolis, for appellee-plaintiff.

GARRARD, Judge.

In 1985 the claimant, Hershel W. Manhart, was injured in the course and scope of his employment. In February 1986, a Form 12 agreement signed by the parties was filed with the Worker's Compensation Board. It called for the payment of biweekly compensation to the claimant (for temporary total disability) "until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Indiana."

Manhart received payments until he was released to return to work in January 1987. At that time the employer sent to the Board a Form 6, reporting the termination of temporary disability payments. This was followed by negotiations concerning the claimant's permanent partial impairment, and in May 1987, the employer's adjuster by letter offered to settle the claim for a permanent partial impairment rating of 40% of the man as a whole. However, nothing happened.

In June 1989, nearly two and a half years after the date of the last payment to claimant, his attorney contacted the carrier and indicated that he was still interested in settling the partial impairment claim. The company declined on the basis that the statute of limitations had run, and on October 11, 1989, the claimant filed his application for adjustment of claim.

The Board denied the employer's motion to dismiss and determined that it had jurisdiction of the claim and that the claimant was entitled to accept the settlement proposal made in 1987. The employer appeals contending that the Board erred in failing to grant a dismissal based on the statute of limitations, and that, in any event, the Board erred in finding the claimant entitled to accept the previously offered settlement.

IC 22–3–3–27 is the controlling statute. After providing in subsection (a) that the Board has continuing jurisdiction to modify or change awards, subsection (c) provides:

*The board shall not make any such modification upon its own motion nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which compensation was paid under the original award made either by agreement or upon hearing,* except that applications for increased permanent partial impairment are barred unless filed within one (1) year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award. (Emphasis added).

The question to be decided is whether the lapse of more than two years between the date of the last payment to Manhart (or the employer's notification thereof to the Board) and Manhart's application in October 1989, barred his claim for permanent

partial impairment. Two cases have considered the question.

In *Sissom v. Commodore Corp.* (1976) 169 Ind.App. 547, 349 N.E.2d 724 the claimant had been paid $57 per week (the basis for which was not specified) pursuant to an agreement which was to continue, as here, "until terminated in accordance with the provisions of the Workmen's Compensation Law of the State of Indiana." About two years later the employer applied to the Board seeking to have Sissom's compensation payments reduced or terminated. The opinion does not disclose the reason for this application. While a notice of hearing concerning the application was sent to the parties, no hearing was held and the petition was eventually dismissed at the employer's behest. Nearly 30 months after the employer had ceased making payments, the claimant applied for modification to recover permanent partial impairment. The Board dismissed the claim as untimely under IC 22–3–3–27 and the Court of Appeals reversed.

The court noted that under the agreement for compensation originally filed by the parties, no date for the termination of payments was fixed so it could not be said that the payments were terminated by agreement. It then determined that IC 22–3–4–5 applied, and that under it a hearing and Board determination were necessary (in the absence of an agreement) in order to terminate payments under the Workman's Compensation Law, and as provided in the agreement executed by the parties. Thus, the court held that the Board had prematurely dismissed the petition. However, the court went on to recognize that while a hearing was necessary, the Board might properly determine that the employer's duty to pay had ceased and the limitation period had begun to run back when the employer had stopped making payments. 349 N.E.2d at 728.

The court considered the question again in *Overshiner v. Indiana St. Hwy. Comm.* (1983) Ind.App., 448 N.E.2d 1245. That case also commenced with the parties filing an agreement to pay weekly compensation benefits for temporary total disability without any specification as to when the payments should end. The opinion then reports that the employer ceased making payments on August 4, 1977, and the claimant did not ask for a settlement hearing until January 9, 1981, more than two years thereafter. The court cited IC 22–3–3–27 but did not refer to *Sissom*. While the reason the employer ceased making payments does not appear, the parties stipulated that the claimant had received his last payment approximately three and a half years before a settlement was first requested. On these facts the court held that the two year limitation period contained in IC 22–3–3–27(c) had clearly run. It therefore affirmed the dismissal of the claim.

It may be that *Sissom* is distinguishable upon the unknown basis for the payments originally made therein, but to the extent that the decisions are irreconcilable, we believe that *Overshiner* correctly applies the statutory jurisdictional requirement forbidding the Board, on its own motion or at the behest of a party, from making any modification to an award "after the expiration of two (2) years *from the last day for which compensation was paid* under the original award...."

In the present case it is undisputed that the last payment to Manhart was made in January, 1987, when he was released to return to work. Furthermore, the right to temporary total disability payments terminated when he returned to work. His Form 9, which was not filed until October 11, 1989, was clearly well beyond the two year limitation period. The Board was therefore without jurisdiction to entertain his claim.

The decision is reversed and remanded with instructions to dismiss the claim.

HOFFMAN, P.J., and CHEZEM, J., concur.